## GILBERT et al. v. WEBER et al.
### (No. 10538.)

Court of Civil Appeals of Texas. Dallas.
May 31, 1929.

Coker & Wilson, J. Hardy Neel, and Laurence H. Rhea, all of Dallas, for appellants.

John W. Pope, of Dallas, for appellees.

LOONEY, J. Appellants, plaintiffs below, alleged substantially that they were the owners of certain residence property used and occupied as family homes, contiguous to or in the vicinity of a certain lot 75x180 feet in size, formerly used for a residence, located at the intersection of Avondale street and Oak Lawn avenue, in the city of Dallas, upon which appellees, defendants below, had begun, and, unless restrained, would complete, the erection and establishment of a public "drive-in" refreshment stand and root beer garden; that same will be brilliantly lighted with electric lights; that ample automobile parking space for the accommodation of patrons will be arranged; that root beer and other beverage drinks, as well as foods (such as sandwiches), will be sold thereat, to patrons in large numbers, from early morn until late at night each day of the week, including Sunday; that the homes and premises of plaintiffs will be subjected to the glare of electric lights, also to unusual noises from automobiles, and to fumes and offensive odors from filth and rubbish that will accumulate on the premises as an incident to the operation of said business, thus creating a nuisance, by reason of which, in addition to personal discomfort and annoyance to plaintiffs, their properties will be greatly depreciated in value; wherefore they prayed that defendants be permanently enjoined from establishing said plant and from operating said business thereat. The trial court sustained a general demurrer to plaintiff's petition, and dismissed their suit, from which this appeal is prosecuted.

It was announced by counsel for appellees on oral argument, also asserted in the written argument on file, and later supported by affidavit (the fact not being controverted) that prior to the submission of this cause the drink and refreshment stand sought to be enjoined, had been completed, put in operation, and is now a going concern.

We are of opinion, therefore, that the question involved on appeal has become moot. While plaintiffs prayed that defendants be enjoined, both from establishing and operating the plant as a business, yet the latter prayer is but an incident to the former, for, if the establishment of the plant had been enjoined, a business thereat could not have been operated: hence the only material question involved was as to the establishment of the place of business. Now that the plant has been established and is being operated, all room for conjecture or speculation as to its effects on plaintiffs and their properties has passed away.

Because the question involved has become moot, the appeal will be dismissed, but without prejudice to the rights of plaintiffs or either of them to prosecute such suit or suits as may be deemed justified by the law and the facts.

Dismissed.