## FULLER et al. v. EDY et al.
### No. 11153.

Court of Civil Appeals of Texas. Dallas.
Dec. 19, 1931.

Hughes & Monroe and P. P. Ballowe, all of Dallas, for appellants.

Hugh S. Grady, A. A. Long, W. Hughes Knight, and H. P. Kucera, all of Dallas, for appellees.

JONES, C. J.

This is an appeal from a district court of Dallas county by J. W. Fuller, Carl Phillips, and F. M. Woodward, appellants, from a judgment denying a temporary writ of injunction to restrain appellees, John N. Edy, city manager, Claude Trammel, city chief of police, the members of the city council, and the city auditor, from enforcing a previous order of dismissal of appellants from the police force of Dallas, without charges against them either as to their character or efficiency as policemen, but on the ground that economic necessities demanded curtailing in number the police force of the city. The order was to become effective October 1, 1931, and included some 16 other policemen, who are not parties to this litigation. The petition prayed for permanent injunction restraining action on the part of appellees that would deprive appellants of the position and the pay of policemen.

Appellees have filed a duly verified pleading in the form of a motion to dismiss the appeal, on the ground that the question involved has become moot, in that the order of dismissal as to these appellants became effective October 1, 1931, and that since said date they have not served the city in such capacity, and that there would now be no subject-matter for the temporary writ of injunction to act upon. This motion was passed for consideration until the submission of the case, as it was submitted on the day before such submission.

This is an injunction suit, filed September 28, 1931, for the primary purpose of continuing appellants on the police force of the city of Dallas, and for the purpose of securing ancillary relief by means of the issuance of a temporary writ of injunction to restrain the immediate enforcement of the order of dismissal and thereby maintain the status of appellants as policemen, until a trial of the suit on its merits. The suit remains on the district court docket to be tried on its primary purpose, without regard to the order denying the temporary writ of injunction.

At the time the petition was filed, the judge of the court endorsed his fiat thereon, setting the application for the issuance of a temporary writ of injunction for hearing on September 30, 1931, and directed the clerk to issue notice to each of the appellees of the date of such hearing. A hearing on such date was had, and the following order entered: "It is further ordered, adjudged and decreed that the application for a temporary injunction of the plaintiffs be and is hereby denied, and that the temporary injunction is in all things refused, to which action of the court the plaintiffs in open court excepted and gave notice of appeal to the Court of Civil Appeals for the Fifth Supreme Judicial District of Texas." It is therefore apparent that the only matter heard by the court was the right of appellants for a temporary injunction to hold their status as policemen pending the trial of the case on its merits, and the court's action on this matter forms the sole subject-matter of this appeal. As the status of appellants as policemen has been destroyed, it would be a useless inquiry to determine the academic question as to whether the court erred in refusing temporarily to enjoin appellees from making the order of October 1, 1931, effective. This court cannot enjoin the doing of that which had already been done. Mullins v. Bosl et al. (Tex. Civ. App.) 22 S. W.(2d) 727; Gilbert et al. v. Weber, 19 S.W. (2d) 857; Electric Park Co. v. San Antonio Baseball Ass'n (Tex. Civ. App.) 155 S. W. 1189.

It appearing that the questions involved in this appeal have become moot, the motion to dismiss the appeal is sustained.

Appeal dismissed.