## SMITH et al. v. STEWART.

### No. 8069.

Court of Civil Appeals of Texas. Austin.
Jan. 2, 1934.

Rehearing Denied Feb. 7, 1934.

T. L. Foster and J. W. Timmins, both of Dallas, and Ben H. Powell, J. A. Rauhut, and Phillip Tocker, all of Austin, for appellants.

Claude Pollard and J. J. Biffle, both of Austin, for appellee.

BAUGH, Justice.

This case arose as follows: Appellee, Stewart, owned an oil and gas lease on 1.192 acres of land in Gregg county. He applied to the Railroad Commission for a permit to drill a well thereon. This permit was refused, and he filed a suit in the district court of Travis county to enjoin the commission from interfering with the drilling of such well on the ground that the refusal of such permit was unjust, unreasonable, and arbitrary, and that he was entitled to same under exceptions to rule 37 of the commission, to protect vested rights and to prevent drainage. In this suit the Sun Oil Company, owner of a lease on the adjacent lands, intervened. A permanent injunction was granted as prayed for, from which judgment this appeal is prosecuted.

We think this case is clearly controlled by our decision in Sun Oil Co. v. Railroad Commission, 68 S.W.(2d) 609, rendered December 22, 1933, and in Humble Oil & Ref. Co. v. Railroad Commission, 68 S.W.(2d) 625, this day decided, and deem it unnecessary to discuss at length the contentions made by appellants. The salient facts involved in this case pertinent to our inquiry here are substantially as follows:

The entire strip of land here involved is approximately 1,234 feet long, running north and south, is 104 feet wide at its north end and 37 feet wide at its south end, and contains approximately 1.8 acres. In 1905 Edmon Smith and wife acquired title by deed to 53⅓ acres adjoining this strip on the east. Soon thereafter they inclosed both tracts under the same fence, claimed and used same, and acquired title to said strip by limitation. On April 19, 1929, they leased the 53⅓ acres to N. M. Wilson, who assigned that lease on April 20, 1929, to the Sun Oil Company. A limitation title to said strip, subject to outstanding mineral rights and leases, was awarded to Edmon Smith by decree of the district court of Gregg county on June 5, 1933. Prior to said decree, however, and subsequent to the date of the Sun Oil Company lease on the 53⅓-acre tract, Edmon Smith and wife had leased for oil said strip to others and had conveyed also a part of the minerals thereunder. These interests were, through transactions not necessary to enumerate here, acquired by C. S. Hart and appellee, Maurice Stewart, prior to May 25, 1933, on which date Hart filed a friendly suit for partition of the leasehold estate only in this 1.8-acre strip. A partition decree was entered in that case as to the leasehold estate only on August 19, 1933, setting apart to appellee, Stewart, the north two-thirds of said strip, his area amounting to approximately 1.2 acres, and to Hart the south one-third thereof, being six-tenths of an acre. The application for a permit upon which this suit arose was for a well on this north two-thirds of said strip, and was dated August 17, 1933, two days prior to the partition decree, and described exactly the land partitioned to him. It is obvious, we think, that the parties to that suit had effectually agreed upon a partition of their joint interests.

The record discloses that proper hearings were had before the Railroad Commission on appellee's application and that the chief reason for its refusal was that to grant it would necessitate granting a similar permit to Hart to drill a well on his six-tenths acre, thus

permitting two wells on said strip, a situation clearly and voluntarily sought to be brought about by Hart and Stewart in violation of rule 37 and the conservation laws. It was also shown that the commission was willing to grant a permit for one well on said strip provided Hart and appellee would pool their interests.

If the order of the commission refusing the permit were proper, it should be upheld even though refused for an improper reason. And the above-outlined facts bring this case clearly within our holding in Sun Oil Co. v. Railroad Commission, supra. It is clear, under the record presented, that Edmon Smith and wife held title by limitation to this narrow strip of land at the time they leased the 53⅓ acres in 1929; that said strip was contiguous to that 53⅓ acres, under the same fence, claimed by them as their own, and had been for many years. In leasing the 53⅓ acres adjoining it, they voluntarily segregated it from the Sun Oil Company's tract. Rule 37 of the Railroad Commission then in force has so often been quoted, with its various amendments, that it need only be referred to here. It is obvious that to develop this strip of land retained by the Smiths and subsequently leased to others would require an exception to rule 37 on the ground of vested rights. To drill it otherwise would be in violation of its well-known spacing rules then in force. We conclude, therefore, that no right to such an exception having existed in Edmon Smith and wife, because of their voluntary act in April, 1929, when rule 37 was in full force, none could subsequently be acquired by their vendees, grantees, or lessees. Under this conclusion a permit to appellee to drill said well, as a matter of law under the undisputed facts, was not authorized and the refusal of the Railroad Commission to grant same was proper.

In no event could Stewart and Hart, by partition or otherwise, in August, 1933, in the face of rule 37 as then amended, by their own acts create a condition which would vest in them any right to an exception to said rule. To permit them to do so would, as we have already observed, set at naught rule 37 and the conservation laws of the state.

For the reasons stated, the judgment of the trial court is reversed, and judgment here rendered dissolving the injunction of the trial court.

Reversed and rendered.

BLAIR, J., dissenting.

For dissenting opinion, see Sun Oil Co. v. Railroad Commission of Texas, 68 S.W.(2d) 609.