## HUMBLE OIL & REFINING CO. v. RAILROAD COMMISSION et al.

### No. 7996.

Court of Civil Appeals of Texas. Austin.
Jan. 2, 1934.

Rehearing Denied Feb. 7, 1934.

E. E. Townes, Rex G. Baker, and R. E. Seagler, all of Houston, and Ben H. Powell and J. A. Rauhut, both of Austin, for appellant.

James V. Allred, Atty. Gen., and Maurice Cheek, Asst. Atty. Gen., for appellee Railroad Commission.

J. W. Wheeler, of Austin, and Hamilton & Hamilton, of Dallas, for appellees C. H. Brown and O. C. Fisher.

Moody & Robertson, of Austin, amici curiæ.

BAUGH, Justice.

Suit was by appellant, hereafter designated as the Humble, to set aside an order of the Railroad Commission granting a permit to Mrs. Gladys McCook, guardian of the estate of Dora May Johnson, a minor, to drill an oil well on 1½ acres of land in Gregg

county, in the East Texas oil field, owned by said minor; and against C. H. Brown, lessee thereof, and O. C. Fisher his drilling contractor, to restrain them from drilling or producing oil from same; and to restrain the Railroad Commission from granting any further drilling permits thereon. From an order of the district court refusing any of such relief after a hearing upon the application for temporary injunction, the Humble has appealed.

The case arose as follows: The Humble acquired a lease on a $^{47}/_{48}$ interest in 102-acre tract out of the G. W. Hooper survey in Upshur and Gregg counties in 1931. Dora May Johnson owned the other $\frac{1}{48}$ interest subject to the life estate of her mother. On October 20, 1932, by a partition decree of the district court of Gregg county, there was set aside to said minor a 3-acre tract, 130 varas square, adjoining the south line of said 102-acre tract, near its southeast corner. On December 17, 1932, Mrs. McCook, as guardian, with approval of the probate court, and pursuant to previously executed contract with her attorneys, conveyed to her attorneys, Hamilton & Hamilton, as compensation for their services, the minor's east half of said 3-acre tract. Hamilton & Hamilton in turn conveyed same on December 19, 1932, to C. H. Brown who contracted on December 22, 1932, with O. C. Fisher to drill a well thereon. This well, after protests, suit, and other proceedings not necessary to set forth here, has been drilled on said east 1½ acres. Thereafter, on April 10, 1933, Mrs. McCook, individually and as guardian, applied to the Railroad Commission for a permit to drill another well on the west 1½ acres of said 3-acre tract, which permit was granted on April 21, 1933, under an exception to rule 37 to protect vested rights. On April 28, 1933, Mrs. McCook, as guardian, under authorization of the probate court, leased said west 1½ acres to C. H. Brown, the same man to whom Hamilton & Hamilton had conveyed the east 1½ acres of said tract, who entered into a drilling contract with O. C. Fisher on May 4, 1933, to drill a well thereon. This suit was thereupon filed by the Humble which owned the lease on the lands to the west, north, and east of the 3-acre tract partitioned to Dora May Johnson.

Appellant charged in its allegations that the proceedings above outlined were effected pursuant to a conspiracy of all parties concerned to procure two wells on said 3 acres in violation of the conservation laws and of rule 37 of the Railroad Commission. There is substantial evidence to support these allegations, but we deem it unnecessary, in view of the conclusion reached, to pass upon that question. It is also urged that the contract between Mrs. McCook and her attorneys, and her conveyance to them in performance of same, for one-half of the lands of the minor as compensation for their services in recovering the minor's lands, is void under the holding in Glassgow v. McKinnon, 79 Tex. 116, 14 S. W. 1050, and that neither Hamilton & Hamilton nor C. H. Brown, their grantee, acquired any interest in the east 1½ acres nor any right to drill thereon. While Hamilton & Hamilton were made parties to the original suit, by amended petition they were dismissed, and, as this appeal relates only to the west 1½ acres, they are not parties to this suit, and we cannot, of course, properly pass upon that issue.

We are met at the outset with the contentions by appellees (1) that under articles 6036 and 6049, R. S. 1925, as variously amended and supplemented since 1925 (Vernon's Ann. St. arts. 6036, 6049), no appeal herein is authorized by law; (2) that, since said well here involved has already been drilled to completion and is in operation as a producer, this case has become moot; and (3) that the Humble as an adjacent owner is not a "party at interest" within the meaning of the statute. Section 8, p. 46, c. 26, Acts 1931, 1st C. S. 42d Leg. as amended by Acts 4th C. S. 42d Leg. p. 3, c. 2. See article 6049c, Vernon's Cum. Supp. to Rev. St. 1925 (Vernon's Ann. Civ. St. art. 6049c).

Appellee's first contention is based upon the language of section 11, Acts 1st C. S. 42d Leg. p. 46, c. 26 (Vernon's Ann. Civ. St. art. 6049c), which provides, so far as pertinent here, that "Either party to said suit has the right of appeal from the final judgment therein," that such appeal shall have priority in the appellate courts and be decided as early as possible, and further "that all laws and parts of laws in conflict with the provisions of this Section are hereby repealed." This section of said act relates to the preceding section. Section 10 provides that "No injunction shall be granted against the Railroad Commission to restrain it from enforcing rules, regulations and orders, * * * or of any conservation statute * * * except after notice to the Commission and a hearing." Then follow provisions relating to bond required of a plaintiff before injunction can issue in any event. It is to be noted that these portions of said act were passed as amendments to article 6036, R. S.

1925, as amended Acts 1931 (1st Called Sess.) c. 26, § 3 (Vernon's Ann. Civ. St. art. 6036), relating to penalties and methods of the commission for enforcement of its orders and of the conservation laws. Such was clearly the import and purpose of the amendment, the enforcement by the commission of its promulgated orders. No such action is here involved. The question here involved is the right of part of appellees to an exception to rule 37. But if here applicable, section 11 of said act does not deny to appellant the right of appeal from a refusal to grant temporary injunction. The language, "Either party to said suit has the right of appeal from the final judgment therein, * * *" adds nothing to the statute. That right could not be denied in any event and existed without any such recitation in the statute. The purpose of section 11 was obviously to expedite a final determination on appeal of the issues made, and it has we think no other effect. The language, "all laws and parts of laws in conflict with the provisions of this Section are hereby repealed," cannot be construed by implication to deny an appeal from an order granting or refusing a temporary injunction expressly authorized under the general statute. Article 4662. Nowhere do we find in the act in question any attempt to deny to an injured party the right to a temporary injunction, if the facts should warrant same under the general provisions of article 4642, R. S. 1925. On the other hand, appeals from, or attacks upon, the rules and orders of the commission under the conservation acts themselves frequently expressly refer to the proceedings provided for appeals from the commission's rate-making orders under article 6453, R. S. And proceedings under that article against the commission have been considered as other civil suits. Railroad Com. v. San Antonio Compress Co. (Tex. Civ. App.) 264 S. W. 214. Article 6036b, Vernon's Ann. Civ. St., also treats such cases as other civil cases. At most appellees' contention could be sustained only as a repeal by implication of the right to appeal from a temporary injunction order, a method of repeal not favored in law, and that too in face of the language of the act itself (sections 16 and 17 [Vernon's Ann. Civ. St. art. 6049c]), that "This Act shall not repeal any existing law except where it supersedes such existing law or is in conflict therewith," and further that "This Act shall be cumulative of all laws of the State of Texas not inconsistent herewith, relative to crude petroleum oil and natural gas."

■ Nor has the appeal become moot because the well in question has been completed for two reasons. In addition to seeking to prevent the drilling of same, appellant attacked the validity of the Railroad Commission's permit to drill it, and also sought to restrain any production of oil therefrom. If said well had been drilled without a permit in violation of law and of the rules of the commission and created waste, the commission could, under the law, have clearly prevented production therefrom, even though the well was completed. And it is the baneful results and consequent continuing damage from its illegal operation that appellant sought to prevent by injunction rather than the mere drilling thereof. Consequently the subject-matter of the suit and the principal relief sought have not been destroyed nor altered by the completion of the well. We think the validity of the permit and the right of appellees to legally operate said well at all are the controlling issues in this case, and that the drilling of the well was but incident to these major issues, instead of the operation of the well being a mere incident to the drilling of it, the issue on which the decision in Gilbert v. Weber (Tex.Civ.App.) 19 S.W.(2d) 857, relied on by appellees, was based. If the operation of the stand sought to be enjoined in Gilbert v. Weber, independent of the erection of it, had itself been prohibited by law, a parallel case would be presented. But no such case was there made.

■■ The next question raised is urged not only by the landowner and her lessees but by the Attorney General on behalf of the Railroad Commission. That is that an adjacent owner is not such "interested party" or "party at interest" as is authorized under the statutes to attack an order of the commission granting a drilling permit. This contention is not sustained.

While the statute (Vernon's Ann. Civ. St. art. 6036a) does not undertake to define who are interested parties, it does provide that hearing must be held before the commission shall adopt a rule or regulation, after notice given in the manner and form prescribed by the commission itself. This we think clearly implies notice to those interested in or to be affected by the rule or regulation contemplated. The commission itself in rule 37, except in prescribed emergencies or in case of waiver, has obviously construed interested parties to include adjacent owners, by requiring that they be given notice where exceptions to the rule are applied for. Under the uncontroverted facts of this case, if the well on the 1½

acres involved be permitted to operate in such close proximity to appellant's adjoining lands, injury to those lands will directly result, drainage occur, and waste result. Thus the property rights of the adjacent landowner are immediately and directly affected. If that be true, the Humble is clearly an interested party in such permit within the purview of the statute. If the contention of appellees that only those interested in the land itself come within the statute and are the only parties authorized to attack such permit were correct, it is obvious that permits which were arbitrarily, unjustly, or unreasonably (in brief illegally) granted by the commission could seldom if ever be attacked. The commission would not attack its own order nor set it aside; and certainly those who had applied for it would not seek to do so. The result would be that only orders of the commission refusing permits would ever be reviewed; and unauthorized orders of the commission, such as the case before us presents, would stand undisturbed unless attacked by the state through the Attorney General, whose duty it is to represent the commission. Such a course would clearly afford no relief to adjacent leaseholders whose property rights are injured and whose rights the Legislature undoubtedly intended to protect.

Passing now to the merits of the appeal, we deem it unnecessary to discuss the various contentions made. This case is controlled by our decision in Sun Oil Co. v. Railroad Commission, 68 S.W.(2d) 609, rendered December 22, 1933, and we pretermit a repetition of the reasons therein stated. Clearly Mrs. McCook, guardian, acting in conjunction with appellees Brown and Fisher, and with Hamilton & Hamilton who are not parties hereto, under the facts and circumstances above set forth, could not by her conveyance to Hamilton & Hamilton of the east 1½ acres of said 3-acre tract, in view of rule 37 then in force, thereby create any vested right in herself nor in her assignees or lessees to drill a well on the remaining 1½ acres. To do so would be clear violation of rule 37 brought about by her own voluntary act; and appellees Brown and Fisher can obtain through her no greater rights than she was legally entitled to. Consequently under the uncontroverted facts as shown by this record we think the Railroad Commission was without authority to grant the permit on the grounds stated in their order.

For the reasons stated and in accordance with our conclusions as fully set forth in the Sun Oil Company Case above referred to, the judgment of the trial court is reversed, and judgment here rendered granting to appellant the injunctive relief prayed for against production of any oil from said well, it being made to appear that same has been completed pending a trial of this case upon its merits; such injunction to issue upon appellant's executing a proper bond in such sum as may be agreed upon by the parties, or, in case of their failure to so agree, to be fixed by the court, and conditioned as provided by law.

Reversed and rendered.

BLAIR, J., dissenting.

For dissenting opinion, see Sun Oil Co. v. Railroad Commission of Texas, 68 S.W.(2d) 609.