### BARNSDALL OIL CO. v. RAILROAD COMMISSION OF TEXAS et al.

No. 8165.

Court of Civil Appeals of Texas. Austin.

Dec. 5, 1934.

Rehearing Denied June 13, 1935.

M. D. Kirk, of Tulsa, Okl., and Powell, Wirtz, Rauhut & Gideon, of Austin, for appellant.

Banks & Banks, of Houston, for appellees Robert Booth, C. G. Glasscock, and Hiland R. Smith.

BLAIR, Justice.

Appellant, Barnsdall Oil Company, filed this suit seeking to restrain appellees Booth, Smith, and Glasscock from drilling an oil well on .67 of an acre of land under a permit of the Railroad Commission. The commission and its members were also made parties defendant; and on April 30, 1934, their plea in abatement to the original petition was sustained, and they were dismissed from the suit upon the ground that the only relief sought was to restrain them "from granting another permit for the drilling of a second oil well on said .67 acre tract." Appellant was granted leave to amend; but after the commission and its members were dismissed, appellant interlined, with the con-

sent of the other appellees, its original petition, alleging that the permit granting the well on the .67-acre tract was unjust, unreasonable, and discriminating as to it, and was in violation of rule 37, regulating the spacing of wells. On May 11, 1934, the cause was heard between appellant and appellees Booth, Smith, and Glasscock, and their general demurrer was sustained; and upon appellant's refusal to amend, the suit was dismissed, the judgment of dismissal reciting that "the defendant Railroad Commission of Texas and its members, Lon A. Smith, C. V. Terrell and Ernest O. Thompson, did not appear for the reason that they had heretofore presented on the 30th day of April, 1934, their plea in abatement, praying that the Railroad Commission of Texas and the members thereof, be dismissed from this suit, which plea in abatement was sustained by the court on the 30th day of April, 1934."

The Railroad Commission has moved to dismiss the appeal, upon the ground that no final judgment was rendered against it on the interlined or amended petition, contending that it was dismissed from the suit on April 30, 1934, when its plea in abatement was sustained; that it was not served with notice of the interlined or amended petition, and did not appear and answer same as shown by the judgment on May 11, 1934.

It is manifest from the recitals of the judgment of May 11, 1934, that the trial court did not sustain the commission's plea in abatement to the interlined or amended petition. However, the judgment clearly dismissed the suit as to all parties defendant, and is therefore a final judgment. Railroad Commission v. Weld, 95 Tex. 278, 66 S. W. 1095; Waters-Pierce Oil Co. v. State, 107 Tex. 1, 106 S. W. 326; Herron v. Tolbert (Tex. Civ. App.) 180 S. W. 650; 3 Tex. Jur. 110; Creosoted Wood Block Paving Co. v. McKay (Tex. Civ. App.) 234 S. W. 587.

Appellees Booth, Smith, and Glasscock have also moved to dismiss the appeal, alleging that the question of their right to drill the well on the .67-acre tract has become moot, because since the appeal other wells on adjacent tracts have been drilled under permits of the commission, which fact entitled appellees to the well in question under the vested right or offset well exception to rule 37, as a matter of law. Certified copies of orders of the commission granting such permits and affidavits stating that the wells have been drilled and are now producing oil are attached to the motion. The motion is overruled, because it is clear that appellees are claiming the right to drill the well under facts and circumstances which arose after the rendition of the judgment from which this appeal is taken, and under separate and independent claims of right from those upon which the present judgment was predicated. Whether such claims of right would now authorize appellees to drill or operate the well presents justiciable claims, and should be tried in an appropriate action, in which the verdict of the jury or the finding of the court may be had upon issues properly framed and determined. An appellate court cannot determine such issues. Diversion Lake Club v. Heath (Tex. Civ. App.) 52 S.W.(2d) 380.

With regard to the merits, this court has reached the conclusion that the trial court erred in sustaining the general demurrer and dismissing the suit as to all parties defendant. Suffice it to say that appellant alleged that Hattie Mae Jeffrey, a minor, owned an undivided one-sixth interest in a 1.5-acre tract of land; that her cotenants had leased the mineral rights therein to the Federal Oil Company, who obtained a permit to and had drilled a producing well thereon; that for the purpose of defeating the spacing provisions of rule 37, and after the field was a proven field, Hattie Mae Jeffrey and the other parties at interest voluntarily partitioned the 1.5-acre tract so as to award the minor the .67-acre tract in suit; that the guardian of said minor leased the .67-acre tract to appellees Booth, Smith, and Glasscock, who obtained the permit to drill the well on said .67-acre tract. It was further alleged that while Hattie Mae Jeffrey had a vested right to partition her one-sixth interest in the 1.5-acre tract, and that such vested right may have arisen prior to the promulgation of rule 37 in 1919, still she had no right after a permit had been granted to drill a well on the 1.5-acre tract, which was sufficient to fully develop it, to, on January 29, 1934, voluntarily partition the 1.5-acre tract for the purpose of defeating the spacing provisions of rule 37, and to obtain more wells on the 1.5-acre tract than the joint owners were actually entitled to under said rule. These allegations bring the instant case clearly

within the rule announced by the majority opinion in the cases of Humble Oil & Refining Co. v. Railroad Commission et al. (Tex. Civ. App.) 68 S.W.(2d) 622; Smith v. Stewart (Tex. Civ. App.) 68 S.W.(2d) 627, 628; Sun Oil Co. v. Railroad Commission et al. (Tex. Civ. App.) 68 S.W. (2d) 609, 612; in which case [Smith v. Stewart, supra] the facts were very similar to the facts in the instant case, and in which the majority opinion held as follows: "In no event could Stewart and Hart, by partition or otherwise, in August, 1933, in the face of rule 37 as then amended, by their own acts create a condition which would vest in them any right to an exception to said rule. To permit them to do so would, as we have already observed, set at naught rule 37 and the conservation laws of the state."

The writer filed dissenting opinions in the above-mentioned cases, and dissents in the instant case upon the grounds therein stated. See Sun Oil Co. v. Railroad Commission (Tex. Civ. App.) 68 S.W.(2d) 609.

The judgment of dismissal will be reversed, the cause reinstated as to all defendants, and remanded for trial on the merits.

Reversed and remanded.