**SMITH et al. v. SHABAY.**

No. 8225.

Court of Civil Appeals of Texas. Austin.
Jan. 23, 1935.

Rehearing Denied June 13, 1935.

Cocke & Marberry, of Austin, and W. H. Penix, of Mineral Wells, for appellant intervener.

Jas. V. Allred, Atty. Gen., and T. F. Morrow, and W. J. Holt, Asst. Attys. Gen., for appellant the State of Texas.

Harry B. Barnhart, of Dallas, for appellee.

## McCLENDON, Chief Justice.

Shabay (appellee) sued the Railroad Commission, to set aside its order denying him a permit to drill an oil well upon a 7.5-acre tract in the "South Bryson Oil Field" in Jack county, as an exception to rule 37 (spacing rule) applicable to that field; and for ancillary relief. Brazos River Gas Company (for convenience called Gas Company), owner of a lease upon an adjoining tract, intervened. The judgment below was for Shabay, and the Commission and Gas Company have appealed.

The case is ruled by the holdings of this court in Sun Oil Company v. Railroad Commission, 68 S.W.(2d) 609, and the companion cases of Humble Oil & Refining Co. v. Railroad Commission, 68 S. W.(2d) 622, Humble Oil & Ref. Co. v. Railroad Commission, 68 S.W.(2d) 625, and Smith v. Stewart, 68 S.W.(2d) 627, except as to some procedural questions which are academic under our holdings below. It will be necessary, therefore, to state the controlling facts only briefly:

Shabay's leases, consisting of the original (dated December 6, 1933) and several extensions, were executed by Box and wife, who owned contiguous tracts of 100 and 31 acres, upon which they had executed oil leases April 21, 1928, and March 26, 1930, respectively. By mesne conveyances these leases had passed to the Gas Company. The 7.5 acres was a strip, the north, east, south, and west lines of which were 1,824.8, 175, 1,825, and 185 feet, respectively. Its entire north boundary was the south boundary of the 100 acres, and its east and 697 feet of its south boundary were contiguous to the 31 acres. Box and wife conveyed to their children seven-eighths of the royalty in the 7.5 acres, by instrument dated May 24, 1932, and filed for record December 9, 1933. These facts, which are without dispute, bring the case squarely within the majority holding in the above-cited cases. The application is apparent, and does not require elucidation.

Appellee pleaded that he purchased the lease in good faith, relying upon a custom of the Commission to grant exceptions to the rule under like conditions. There is no proof of such custom in the record. The proof relied upon was that of the permit clerk of the Commission, in effect that there "might have been" one thousand exceptions to the drilling distance to property lines granted by the Commission. This testimony had no probative value whatever, even assuming that the alleged custom would abrogate the rule, since there was no intimation that the exceptions were in similar cases, or were such that the Commission was not authorized to grant.

In reaching our decision we have assumed the correctness of appellee's claim that the 7.5 acres is not included in leases of intervener. The record shows that this was a disputed issue; but the trial court would not hear testimony regarding it on the ground that it involved a question of title which was not properly in litigation in the case. The correctness of this ruling is unimportant under our above holding.

The trial court's judgment is reversed, and judgment is here rendered that appellee take nothing by his suit.

Reversed and rendered.