**STANOLIND OIL & GAS CO. v. RAILROAD COMMISSION OF TEXAS et al.**

**No. 8391.**

Court of Civil Appeals of Texas. Austin.

March 11, 1936.

Rehearing Denied April 1, 1936.

Turner, Rodgers & Winn, of Dallas, for appellant.

Wm. McCraw, Atty. Gen., and Harry S. Pollard, Asst. Atty. Gen., for appellee Railroad Commission.

F. W. Fischer, of Tyler, for appellees Overton Refining Co. and J. C. Sanford.

McCLENDON, Chief Justice.

Appeal from a judgment in favor of defendants below (appellees) in a suit to set aside an order of the commission granting appellee Sanford, a permit to drill a second oil well on a .43-acre tract in the East Texas oil field, as an exception to Spacing Rule 37.

The .43-acre tract in question is the Church tract referred to in cause No. 8389 of the same style as this cause (Tex.Civ. App.) 92 S.W.(2d) 1057, this day decided. Permit to drill well No. 2 on the Church tract was\granted "as a direct and equidistant offset" to the well on the Maxwell tract, involved in cause No. 8389. We refer to the map in the opinion in that cause, which shows the relative position of the well in question and wells on adjacent tracts.

Appellee Sanford was not entitled to the permit for the following reasons:

1. The permit to drill the Maxwell tract well having been set aside, and its drilling and production therefrom permanently enjoined in cause No. 8389, the ground upon which the permit in suit was granted (offset) is eliminated.

2. Independent of this, however, the record conclusively shows that well No. 1 on the Church tract affords its owner full protection under his vested right to a fair share of the oil under his land. Sun Oil Co. v.

Railroad Commission (Tex.Civ.App.) 68 S.W.(2d) 609, affirmed in Bennett v. Sun Oil Company (Tex.Sup.) 84 S.W.(2d) 693; Humble Oil & Ref. Co. v. Railroad Commission (Tex.Civ.App.) 68 S.W.(2d) 622, affirmed in Brown v. Humble Oil & Ref. Co. (Tex.Sup.) 83 S.W.(2d) 935, 99 A.L.R. 1107; Smith v. Stewart (Tex.Civ.App.) 68 S.W.(2d) 627, affirmed (Tex.Sup.) 83 S.W.(2d) 945; Railroad Commission v. Bass (Tex.Civ.App.) 10 S.W.(2d) 586; Humble Oil & Ref. Co. v. Railroad Commission (Tex.Civ.App.) 68 S.W.(2d) 625; Smith v. Shabay (Tex.Civ.App.) 83 S.W.(2d) 719; Sun Oil Co. v. Gillespie (Tex. Civ.App.) 85 S.W.(2d) 652 (error dis.); Atlantic Oil Production Co. v. Railroad Commission (Tex.Civ.App.) 85 S.W.(2d) 655; Railroad Commission v. Marathon Oil Co. (Tex.Civ.App.) 89 S.W.(2d) 517 (error ref.)

The trial court's judgment is reversed, and judgment is here rendered setting aside the permit to drill well No. 2 on the Church tract, and appellee Sanford, his agents, servants, employees, assignees, and contractors, are perpetually enjoined from drilling said well and from producing oil therefrom. All costs, both trial and appellate, are taxed against appellee Sanford.

Reversed and rendered.