## STANOLIND OIL & GAS CO. v. RAILROAD COMMISSION OF TEXAS et al.

### No. 8389.

Court of Civil Appeals of Texas. Austin.
March 11, 1936.

Rehearing Denied April 1, 1936.

Turner, Rodgers & Winn, of Dallas (Clay Tallman and L. A. Thompson, Jr., both of Tulsa, Okl., of counsel), for appellant.

Wm. McCraw, Atty. Gen., and Harry S. Pollard, Asst. Atty. Gen., for appellee Railroad Commission.

Clark & Rice, of Dallas, and A. A. Garrett, of Tyler, for appellee J. Jackson.

McCLENDON, Chief Justice.

Appeal from a judgment in favor of defendants below (appellees) in a suit to set aside an order of the Railroad Commission granting to appellee Jackson a permit to drill an oil well upon a .13-acre tract in the East Texas oil field as an exception to Spacing Rule 37, in order "to prevent confiscation of property."

The case may be more readily understood by reference to the following map:

the points A, B, C, D. The points A, E, F, D, or B, E, F, C (the controversy as to which is unimportant in our view of the case), describe what we shall refer to as the "Church tract." Immediately to the north of the line A, D, is a .28-acre tract to which we shall refer as the "Bolt tract." In 1879 the Church tract of 7/17 of an acre was conveyed to the Norfolk Baptist Church, by whom it is still owned. In 1891 the Bolt tract was carved out of a larger tract and conveyed by the then owner, and thereafter passed by mesne conveyances to Maxwell, who acquired it in 1929,

PLAT OF SURVEY
SHOWING OIL DEVELOPMENT ON AND ADJACENT TO THE
OVERTON REFINING COMPANY
F. CORDOVA LEAGUE
RUSK CO. TEXAS

The tract in question, to which we will refer as "Maxwell tract," is described by

and still owns it. The original and all subsequent conveyances of the Bolt tract call

for the north line of the Church tract as its southern boundary. Whatever title Maxwell may have in the Maxwell tract he acquired through his purchase of the Bolt tract in 1929. In any event, his title to the Maxwell tract was not different on and subsequently to March 23, 1931, on which date he executed an oil and gas lease covering the Bolt tract, than it was when he acquired the Bolt tract in 1929. The field notes of this lease conformed to those of prior conveyances, calling for the north line of the Church tract as its south line. This lease passed by mesne conveyances to Overton Refining Company, and well No. 1 was drilled thereon, under permit of the commission, granted as an exception to rule 37. June 6, 1932, the Church executed an oil and gas lease on the Church tract, which lease is now owned by Sanford Oil Company, and a well (No. 1) was drilled thereon under permit of the commission, as an exception to rule 37. March 20, 1933, the trustees of the Church executed a disclaimer of any interest in the Maxwell tract, reciting that they "do hereby declare that the said Norfolk Baptist Church has never made any claim to the above described land and have always recognized the said J. L. Maxwell, as the legal owner of the above described land and said Church have never asserted any claim thereto, and do not make any claim to said land now."

April 20, 1934, appellee Dunbar filed with the commission an application to drill a well on the Maxwell tract. After due notice and hearing this application was denied June 26, 1934. Motion for rehearing was filed and on September 13, 1934, overruled. Dunbar filed suit (No. 54384) in the 126th judicial district court of Travis county on September 14, 1934, to set aside the order denying the permit. That suit was still pending when the instant suit was tried in the court below. Subsequently to institution of suit No. 54384, an application to drill a well on the Maxwell tract was filed with the commission in the name of Jackson. After due notice and hearing this application was granted on December 12, 1934. It should be noted, in this connection, however, that the commission's action was predicated upon the mistaken assumption that an order had been entered in suit No. 54384, enjoining the commission from interfering with the drilling of a well on this tract. The instant suit, filed by appellant, owner of an adjacent lease, on January 4, 1935, in the 53d judicial district court of Travis county, was to set aside the order granting the Jackson permit.

Both Jackson and Dunbar were parties defendant in the court below, and made payees in the appeal (writ of error) bond. The record was filed in this court July 22, 1935. Jackson, on July 29, 1935, filed a disclaimer in this court in which he asserted that he neither owned nor claimed any interest in the property in suit; that he owned a lease thereon "long prior to the commencement of this litigation, but had disposed of his interest therein before this litigation was commenced, and that same was commenced without his knowledge, consent or approval." He prayed to be dismissed from the suit with his costs. February 25, 1936, Dunbar filed an affidavit in this court, asserting in substance: On May 17, 1934, he made a trade with Jackson, the then owner, to purchase the lease on condition that he could obtain a permit from the commission to drill a well. He made the application which was refused, and then brought the suit for injunction against the commission. He was under the belief that the injunction was granted but was later set aside because appellant, a party to the suit, had not had an opportunity to be heard thereon. He then instructed his attorneys to dismiss the suit, and informed Jackson he would have nothing further to do with the matter, as the lease was worthless without a permit. To quote from the affidavit: "Mr. Jackson then informed me that he could obtain a permit and he applied for a permit and obtained one. He then turned the permit over to me and I concluded my trade with him and commenced the drilling of the well upon the tract of land."

The commission did not have the power to grant the Jackson permit for two reasons:

1. The commission lost jurisdiction over the subject-matter of the permit when suit No. 54384 was filed, and the order was therefore void. Stewart v. Smith (Tex. Sup.) 83 S.W.(2d) 945; Edgar v. Stanolind, etc., Co. (Tex.Civ.App.) 90 S.W. (2d) 656.

2. Conceding the ownership of the Maxwell tract in Maxwell, and that it was not embraced in his lease of the Bolt tract, it could not be segregated from the contiguous Bolt tract, held under the common

ownership, so as to authorize drilling thereon as an exception to rule 37. Manifestly Maxwell, had he not leased either tract, would not have been entitled to a permit to drill on the Maxwell tract after the permit to drill well No. 1 on the Bolt tract had been granted. No additional right to drill on the Maxwell tract was acquired by leasing the Bolt tract as a separate tract. This issue is now foreclosed by adjudication in the following decisions: Humble Oil & Ref. Co. v. Railroad Commission (Tex.Civ.App.) 68 S.W.(2d) 622, affirmed in Brown v. Humble Oil & Ref. Co.. (Tex. Sup.) 83 S.W.(2d) 935, 99 A.L.R. 1107; Humble Oil & Ref. Co. v. Railroad Commission (Tex.Civ.App.) 68 S.W.(2d) 625; Smith v. Stewart (Tex.Civ.App.) 68 S.W. (2d) 627, affirmed (Tex.Sup.) 83 S.W.(2d) 945; Barnsdall Oil Co. v. Railroad Commission (Tex.Civ.App.) 83 S.W.(2d) 714 (error ref.); Smith v. Shabay (Tex.Civ. App.) 83 S.W.(2d) 719; Humble Oil & Ref. Co. v. Railroad Commission (Tex. Civ.App.) 85 S.W.(2d) 351; Id. (Tex.Civ. App.) 85 S.W.(2d) 813 (error dis.).

The trial court's judgment is reversed, and judgment is here rendered setting aside the commission's order granting the permit in the name of Jackson, and perpetually enjoining appellee Dunbar, his agents, servants, employees, assignees, and contractors, from drilling any oil well on the Maxwell tract, and from producing oil therefrom. Appellee Jackson is dismissed from the case with prejudice upon his disclaimer. All costs, trial and appellate, are taxed against Dunbar.

Reversed and rendered.