## STANOLIND OIL & GAS CO. v. RAIL-ROAD COMMISSION OF TEXAS et al.

### No. 8646.

Court of Civil Appeals of Texas. Austin.

May 5, 1937.

Rehearing Denied June 30, 1937.

Turner, Rodgers, & Winn, of Dallas, for relator.

Hardy Hollers, of Austin, for respondents.

Wm. McCraw, Atty. Gen., and Harry S. Pollard, Asst. Atty. Gen., amici curiæ.

BLAIR, Justice.

This litigation arose as an original proceeding in this court by which relators sought to prohibit and enjoin J. C. Sanford and Sanford Oil Company from producing oil from well No. 2 on his Norfolk Baptist Church .43-acre leasehold, in alleged violation of a judgment of this court dated March 11, 1936, which perpetually enjoined respondent from producing oil from said well No. 2; and relators also moved that said J. C. Sanford be adjudged in contempt of this court for producing oil from said well No. 2. This proceeding has been held in abeyance pending a decision by the Supreme Court in Magnolia Petroleum Company et al., Relators, v. New Process Production Company et al., Respondents, 104 S.W.(2d) 1106, 1111, decided April 28, 1937. The decision of the Supreme Court conclusively decides the issue of contempt against the contention of relator, under the following facts of this case:

On March 25, 1935, J. C. Sanford filed with the Railroad Commission an application to drill as an exception to rule 37 a second well on his Norfolk Baptist Church .43-acre leasehold estate. After notice and hearing, the permit was granted by the commission on April 25, 1935. Relator appealed from the order of the commission to the district court of Travis county, on May 6, 1935, and obtained an order temporarily restraining the drilling and production of said well No. 2. On May 31, 1935, the trial court denied relator any relief and dissolved the temporary restraining order theretofore issued. Relator then appealed to this court, and on March 11, 1936, this court reversed the judgment of the trial court and rendered judgment perpetually enjoining the drilling of said well No. 2 and the production of oil therefrom. Stanolind Oil & Gas Co. v. Railroad Commission (Tex. Civ.App.) 92 S.W.(2d) 1060. A writ of error was refused in this cause on June 10, 1936. On August 8, 1936, respondent J. C. Sanford, acting under the trade name of Sanford Oil Company, filed a new application with the commission for authority to produce his said well No. 2, upon the ground of changed conditions arising after the granting of the permit which was canceled by the final judgment of this court. On October 7, 1936, after notice and hearing as to changed conditions and as to the right of respondent to produce oil from said well, the commission granted permission to produce oil from said well. Whereupon, relator filed this motion in the original suit in this court, praying that respondent be held in contempt of this court for violating its final judgment perpetually enjoining the production of oil from said well. These facts bring the case clearly

within the rule announced by the Supreme Court, as follows: "It cannot be said that to allow the Railroad Commission to exercise original jurisdiction to pass on the question of changed conditions, where applications for well permits have been refused as the result of court judgments, would be to allow the commission to pass on and nullify the judgments of courts, because, as already shown, such judgments only adjudicate such matters up to the time the commission acted, and thereafter so long as conditions remain unchanged. If conditions change, rights change, and the governing statutes place the matter of ascertaining such rights and determining the facts relating thereto in the first instance under the jurisdiction of the Railroad Commission. If it rules arbitrarily * * * its rulings can be corrected by statutory appeal to the district court * * * and this is an exclusive remedy."

In accordance with this ruling of the Supreme Court, the application of relator to prohibit and enjoin the production of oil from said well and to plug said well is denied; and the motion to adjudge respondent in contempt of this court is overruled.

Overruled.