## LACKNER et al. v. BYBEE et al.
## No. 11071.

Court of Civil Appeals of Texas. Galveston. July 25, 1940.

Rehearing Denied Nov. 7, 1940.

Jones, Jones & McCollough, Ira P. Jones, Jr., and Byron G. McCollough, all of Houston, for appellants.

Sewell, Taylor, Morris & Connally, of Houston, for appellees.

---

GRAVES, Justice.

Appellants, as plaintiffs, sued the appellees, as defendants, in the district court of Harris County in trespass to try title—that is, for the title to and possession of the streets and the minerals thereunder in the Shady Acres Subdivision of land in Harris County, such subdivision being a part of what is known as the "Eureka Oil Fields", just outside the limits of the City of Houston; the land they so claimed was specifically limited to the streets and the minerals underlying them, as delineated on the official maps of that subdivision.

"There was an additional count in the plaintiffs' petition, in which they sought to enjoin the defendants from drilling an oil well on a certain lot, No. 342, of said subdivision, which lot the defendants had acquired by deed from the plaintiffs many years ago, and to which the plaintiffs are making no claim of ownership. It was alleged that the Railroad Commission of Texas had granted to the defendants, as an exception to the spacing rule (Rule 37), a permit to drill a well on the defendants' property, being the above Lot No. 342. There were further allegations that the defendants' permit was secured only because of certain misrepresentations made by the defendants to the Railroad Commission in their application for said permit, and at the hearing on said application. Because of these alleged misrepresentations, the validity of the permit was attacked. Attached to the plaintiffs' petition as an exhibit thereto was a map showing the area in question, the proposed location of the defendants' well, and the location of three producing wells on the plaintiffs' property, which immediately surround on three sides the property of the defendants.

"The defendants filed a plea to the jurisdiction of the court, in so far as the plaintiffs' petition attacked the validity of the defendants' permit, and pled that the district court of Harris County, Texas, had no jurisdiction of the cause, in so far as the plaintiffs sought to attack the defendants' drilling permit, for the reason that under the terms of Vernon's Ann.Civ.St. Article 6049c, Section 8, the district court of Travis County, Texas, was the only court having jurisdiction of such a suit, and for the further reason, that, according to said statute, the Railroad Commission was a necessary party to all suits wherein the validity of permits issued by said Commission was attacked. Subject to their pleas to the jurisdiction, the defendants filed their answer to the plaintiffs' petition, and in such answer again set up the matters contained in their plea to the jurisdiction by special exceptions. The answer further contained a general demurrer to the plaintiffs' petition, in so far as said petition sought injunctive relief against the defendants. There was a formal plea of not guilty to the trespass to try title count. By agreement of all parties, the injunction feature of the case was set for trial on January 27, 1940. On said day, and several ensuing days, this feature of the case was heard by the trial court. At the request of the court, both parties submitted full and complete trial briefs. Thereafter, on the 12th day of February, 1940, the trial court, after having considered the briefs and the evidence, entered the following order:

" 'Be it remembered that on the 27th day of January, 1940, came on to be heard and considered by the court the allegations in the plaintiffs' petition and prayer for injunctive relief and the defendants' pleas to the jurisdiction of the court, as set forth in Paragraphs I and II of the defendants' motion to dismiss, and the defendants' special exceptions as set forth in Paragraphs 1 and 2 of the defendants' original answer and the exception or demurrer as set forth in Paragraph 3 of said answer.

" 'The court having considered the aforesaid pleadings, as well as the permit issued by the Railroad Commission of Texas and the map attached to the plaintiffs' petition and the ownership of Lot 342, finds that said permit authorizes the defendants to drill on their own land and not on the land claimed by the plaintiffs, and that the court is without jurisdiction to question the validity of said permit, and that plaintiffs' petition, when considered with said permit and the map and ownership of said lot, states no cause of action against the defendants for injunctive relief.

" 'It is, therefore, ordered, adjudged and decreed by the court that the aforesaid pleas to the jurisdiction, exceptions and demurrers of the defendants, are by the court sustained, and the plaintiffs' prayer for injunctive relief is denied.

" 'The defendants' general demurrer to the plaintiffs' petition, in so far as it relates to the plaintiffs' alleged cause of action to try the title to the minerals under the streets described in their petition, is by the court overruled.

" 'To the aforesaid action and ruling of the court the plaintiffs duly excepted and

gave notice of appeal to the court of civil appeals for the First Supreme Judicial District of Texas at Galveston.

"'Entered the 12 day of February, 1940.

"'Kenneth McCalla,

"'Judge Presiding.'"

From the quoted order, this appeal proceeds, having been precipitated into and advanced for hearing by this court, pursuant to R.S. Article 4662. In other words, the appeal is mutually regarded by both sides as one from the refusal below of a temporary injunction, within the purview of the cited statute.

As appears from the judgment itself, the learned trial Judge considered not alone the arguments of counsel upon the pleadings, but also the facts, exhibited to him in ways permissible in such a trial, touching the ownership of the property on which it was shown the appellees proposed to drill their well; he specifically found therefrom that the challenged permit from the Railroad Commission only authorized them to so drill on their own land, and not on any land that so formed the subject-matter of the appellants' trespass to try title suit, then pending in that court.

Such being, undisputedly, the setting under which this appealed from order was entered, it is determined here that neither of the constituent holdings enunciated therein was outside a sound judicial discretion; when isolated, these holdings were: (1) In so far as the appellants sought to attack the validity of the permit issued by the Railroad Commission, the 127th District Court of Harris County was without any jurisdiction; (2) the refusal of the coveted temporary injunction was not based upon such a want of jurisdiction, but expressly and plainly upon a finding on the facts, which were specifically stated, that the land to which the Commission's permit applied, lot 342, not only belonged undisputedly to the appellees, but was further not even involved in the appellants' suit, nor claimed by them.

As so interpreted, it is thought both these holdings are fully sustained by our authorities, the first one by these: Vernon's Ann. Civ.St. Article 6049c, Sec. 8; Massad v. Sayre Oil Corp., Tex.Civ.App., 116 S.W.2d 1136, writ dismissed; Alpha Petroleum Co. v. Terrell, 122 Tex. 257, 59 S.W.2d 364, 372; Railroad Commission v. Burkett, Tex. Civ.App., 66 S.W.2d 448; Ex parte Lee, 127 Tex. 256, 93 S.W.2d 720; Shell Petroleum Corp. v. State, Tex.Civ.App., 86 S. W.2d 245; Stanolind Oil & Gas Co. v. Ed-

gar, Tex.Civ.App., 107 S.W.2d 631; Stanolind Oil & Gas Co. v. Railroad Commission, Tex.Civ.App., 107 S.W.2d 633; Magnolia Petroleum Co. v. New Process Production Co., 129 Tex. 617, 104 S.W.2d 1106; and the second one by cases, which may be collated as follows: Prairie Oil & Gas Co. v. State, Tex.Com.App., 231 S.W. 1088; Stephens County v. Mid-Kansas Oil & Gas Co., 113 Tex. 160, 254 S.W. 290, 29 A.L.R. 566; Texas Pacific Coal & Oil Co. v. Comanche, Tex.Civ.App., 274 S.W. 193; United North & South Oil Co. v. Meredith, Tex.Civ.App., 258 S.W. 550; Hunt v. State, Tex.Civ.App., 48 S.W.2d 466; Magnolia Petroleum Co. v. Blankenship, 5 Cir., 85 F.2d 553; Thompson v. Consolidated Gas Utilities Corp., 300 U.S. 55, 57 S.Ct. 364, 370, 81 L.Ed. 510.

The case of Tide Water Oil Co. v. Railroad Commission, Tex.Civ.App., 76 S.W.2d 553, upon which appellants rely for a contrary view, is thought to be clearly distinguishable upon its facts from this one; there, the trespass to try title suit involved the title to the very land on which the well was sought to be drilled—a far cry from the situation here presented, under the contrary facts recited supra.

Wherefore, it is concluded that—when applied to the facts carrying the legal equivalent to those here obtaining—appellants have cited no authoritative support of their position that they were entitled to prevent these appellees, on the showing herein made, from drilling an oil well on land appellants admitted was owned by the appellees, and as to which they themselves made no claim of title in their suit then pending before the trial court.

While there are thought to be other considerations upon which this court might also, in part at least, rest its approval of the trial court's action, those given are deemed sufficient.

Without further discussion, an affirmance will be ordered.

Affirmed.

On Appellants' Motion for Rehearing.

Able counsel for appellants, in their motion for rehearing, have called attention to errors of recitation in the first paragraph of the court's original opinion herein, wherein it was stated that they had sued for "the title to and possession of the streets and the minerals thereunder in the Shadyacres subdivision", etc., whereas, in accuracy, the statement should have been that they sued for the title to and posses-

sion of the minerals under the streets in the Shadyacres subdivision.

Alleged errors in other respects set out in the motion have been carefully considered, but it is concluded that none of them are well taken.

Under the conclusion that the cause was properly decided before, the motion will be overruled.

Motion for rehearing refused.