ACCEPTED
15-24-00036-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
2/28/2025 1:46 PM
CHRISTOPHER A. PRINE
CLERK

RECEIVED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
2/28/2025 1:46:28 PM
CHRISTOPHER A. PRINE
Clerk

**Ron Beal**
**Professor Emeritus & Attorney at Law**
**2530 Wooddale Circle**
**Waco, TX 76710**
**(254)-366-4198**
**ron_beal@baylor.edu**

15th Court of Appeals                                        February 28, 2025
P.O. Box 12852
Austin, TX 78711

Re:    TCEQ v. San Antonio Bay, et. al
**Case No: 15-24-00036-CV**
Amicus Letter Brief

Dear Honorable Justices of the 15th Court of Appeals:

I have received no compensation for the preparation, writing and filing of this amicus brief.

I solely write to preserve and protect the fairness and the integrity of the Texas administrative system, and the right to a contested case, in particular.

In the opinion just issued, this Court did an excellent job, based on controlling authority, as to the right of a party to appeal the denial of the right to a contested case hearing by an agency as well as this Court clearly having subject matter jurisdiction to decide this issue.

However, this amicus informed this Court, (amicus dated 6/6/24), that the Supreme Court recently, in a series of cases, **has incorrectly defined the substantial evidence test as it has existed in Texas, and none of these prior decisions have been either overruled or somehow distinguished. This Court wholly ignored that fact and instead, never articulated what quality of evidence was sufficient to withstand a substantial evidence review,** Op. at 11-13. **Yet, this Court repeatedly throughout its opinion held substantial evidence existed.**

How can a fundamental scope of judicial review have literally hundreds of opinions that are blatantly inconsistent with the current Supreme Court's articulation of the standard? How can this Court simply ignore that fact, yet issue a decision of which the overwhelming majority of this Court's findings constitute a conclusion that substantial evidence existed even though the lawful standard is simply unknown? **This fact simply cannot be ignored and must be resolved by this Court. This issue must be clarified and corrected for the current Supreme Court standard is totally meaningless.**

In addition, a new twist to judicial review has been inserted by the Supreme Court and now, this Court, that literally dates back to a time before the Texas APA existed when hearings lacked almost all the attributes of the current contested case proceeding that in most cases did not create a formal record with formal findings of fact set forth by the agency that could meaningfully be reviewed by a court of law.

As far back as 1934, the Austin Court of Appeals held that with such an informal agency record before them: "In upholding an agency's determination, a reviewing court is not bound by the agency's reasons for its decision when a valid basis exists for the action taken, *Sun Oil Co. v. R.R. Comm'n,* 68 S.W. 2d 609, 612 (Tex. App.-Austin 1934); *Smith v. Stewart,* 68 S.W.2d 627, 627 (Tex. App.-Austin 1934). **So, the Court would adopt the correct formal order for them!** The Texas Supreme Court adopted the Austin Court's approach to deal with such informality, *R.R. Comm'n v. Magnolia Petroleum Co.,* 130 Tex. 484, 109 S.W.2d 967, 971 (Tex. 1937).

As we all know, in the 1970s, the U.S. Supreme Court articulated a new, very detailed approach to what we call procedural due process. Not surprisingly, our Legislature in 1975 adopted an APA to have our procedure be in compliance with procedural due process.

So, the APA set the new ground rules and stated that a Court should **reverse and remand** agency findings that are arbitrary and capricious, not rewrite them for the agency, *Section* 2001.174(2)(F). In addition, the Court may not substitute judgment of the agency on the weight of the evidence or questions committed to agency discretion, *Section* 2001.174. And the weight of the evidence must be based solely on the agency formal record, *Section* 2001,175(e).

**This is a complete overruling of the cases cited above!**

Further, the Texas Supreme Court held the APA demands that it should **reverse and remand** when an agency fails to consider a factor the legislature directs it to consider, considers an irrelevant factor or comes to a completely unreasonable result. For the Court to fill in the logic would be an invasion of the agency's power to administer its regulatory scheme. The agency must set forth an explanation for the court in order to understand the logic and legal validity of the agency's findings, *Brazos Elec. Power Coop. Inc. v. State Comm'n on Env. Policy.,* 567 S.W2d S.W.2d 374, 378 (Tex. 2019).

**If all of this is true, why did this Court and the Texas Supreme Court recently attempt to revive the old doctrine with no change in the APA?** *See this Court's holding on Op. p. 12-13 and P.U.C v. Tex. Ind. Energy Comm'n,* 620 S.W.3d 418, 427 (Tex. 2021); *N.E. Ind. Sch. Dist. v. Riou,* 598 S.W.3d 243, 251 (Tex. 2020).

**This Court and the Texas Supreme Court are absolutely wrong based on the clear and unambiguous wording of the APA. The relevant cases must be overruled as well as this Court's decision.**

Sincerely,

/s/ Ron Beal
Ron Beal
Professor Emeritus of Law
Bar No. 24005041
2530 Wooddale Circle
Waco, TX 76710
(254) 366-4198
ron_beal@baylor.edu

**CERTIFICATE OF COMPLIANCE**

I certify that this document was produced on a computer using Microsoft Word and contains 891 words, as determined by the computer's software's word count function, excluding the sections of the document listed in Texas Rules of Appellate Procedure 9.4(i)(1).

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served on February 28, 2025, by e-file and/or electronic mail in accordance with the Texas Rules of Civil Procedure to the following:

**Appellant**

Sara Ferris
Erin K. Snody
P.O. Box 12548, MC-066
Austin, TX 78711-2548

**Intervenor**

Derek Seal
Jordan Mullins
April E. Lucas
1111 W. 6th St., Suite 400
Austin, TX 78703

**Appellees:**

Erin Gaines
845 Texas Ave., Suite 200
Houston, TX 77002
Ilan Leven
1206 San Antonio St.

Austin, TX 78701

Karis Adams
3825 Agnes St.
Corpus Christi, TX 78405
Ethan Siegel 4920 N. I.H.-35
Austin, TX 78751


/s/ Ron Beal

Ron Beal
Bar No. 24005041

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Ronald Beal on behalf of Ronald Beal
Bar No. 24005041
ron_beal@baylor.edu
Envelope ID: 97930707
Filing Code Description: Letter
Filing Description: Letter
Status as of 2/28/2025 1:59 PM CST

Associated Case Party: Calhoun Port Authority

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Michael Woodward | 21979300 | mwoodward@hslawmail.com | 2/28/2025 1:46:28 PM | SENT |
| Barton Hejny | 24082231 | bhejny@hslawmail.com | 2/28/2025 1:46:28 PM | SENT |
| Petrus J.Wassdorf | | pwassdorf@hslawmail.com | 2/28/2025 1:46:28 PM | SENT |
| Alan Sanders | | alan.sanders@dinsmore.com | 2/28/2025 1:46:28 PM | SENT |

Associated Case Party: Texas Oil & Gas Association

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Samia Broadaway | 24088322 | samia.broadaway@bakerbotts.com | 2/28/2025 1:46:28 PM | SENT |
| Beau Carter | | beau.carter@bakerbotts.com | 2/28/2025 1:46:28 PM | SENT |

Associated Case Party: Max Midstream, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Derek  Seal | | dseal@mcginnislaw.com | 2/28/2025 1:46:28 PM | SENT |
| Jordan  Mullins | | jmullins@mcginnislaw.com | 2/28/2025 1:46:28 PM | SENT |
| April Lucas | | alucas@mcginnislaw.com | 2/28/2025 1:46:28 PM | SENT |
| Kim McBride | | kmcbride@mcginnislaw.com | 2/28/2025 1:46:28 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Colton Halter | | colton.halter@oag.texas.gov | 2/28/2025 1:46:28 PM | SENT |
| Debbie Trevino | | debbie.trevino@dinsmore.com | 2/28/2025 1:46:28 PM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Ronald Beal on behalf of Ronald Beal
Bar No. 24005041
ron_beal@baylor.edu
Envelope ID: 97930707
Filing Code Description: Letter
Filing Description: Letter
Status as of 2/28/2025 1:59 PM CST

Associated Case Party: Texas Commission on Environmental Quality

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Erin Snody | | erin.snody@oag.texas.gov | 2/28/2025 1:46:28 PM | SENT |
| Annalisa Guartuche | | annalisa.guartuche@oag.texas.gov | 2/28/2025 1:46:28 PM | SENT |
| Sara Ferris | | sara.ferris@oag.texas.gov | 2/28/2025 1:46:28 PM | SENT |
| David Laurent | | david.laurent@oag.texas.gov | 2/28/2025 1:46:28 PM | SENT |

Associated Case Party: San Antonio Bay Estuarine Waterkeeper

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Erin Gaines | | egaines@earthjustice.org | 2/28/2025 1:46:28 PM | SENT |
| Michelle Carlos | | mcarlos@earthjustice.org | 2/28/2025 1:46:28 PM | SENT |
| Claire Huebler | | chuebler@earthjustice.org | 2/28/2025 1:46:28 PM | SENT |
| Ilan Levin | | ilevin@environmentalintegrity.org | 2/28/2025 1:46:28 PM | SENT |

Associated Case Party: Texas Campaign for the Environment

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Erin Gaines | | egaines@earthjustice.org | 2/28/2025 1:46:28 PM | SENT |
| Michelle Carlos | | mcarlos@earthjustice.org | 2/28/2025 1:46:28 PM | SENT |
| Claire Huebler | | chuebler@earthjustice.org | 2/28/2025 1:46:28 PM | SENT |
| Ilan Levin | | ilevin@environmentalintegrity.org | 2/28/2025 1:46:28 PM | SENT |

Associated Case Party: S.DianeWilson

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Ronald Beal on behalf of Ronald Beal
Bar No. 24005041
ron_beal@baylor.edu
Envelope ID: 97930707
Filing Code Description: Letter
Filing Description: Letter
Status as of 2/28/2025 1:59 PM CST

Associated Case Party: S.DianeWilson

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ethan Siegel | | esiegel@trla.org | 2/28/2025 1:46:28 PM | SENT |
| Karis Adams | | karisadams@trla.org | 2/28/2025 1:46:28 PM | SENT |