## HUMBLE OIL & REFINING CO. v. RAILROAD COMMISSION OF TEXAS et al.

### No. 8304.

Court of Civil Appeals of Texas. Austin.
July 3, 1935.

See, also, 83 S.W.(2d) 695.

Rex G. Baker and R. E. Seagler, both of Houston, and Powell, Wirtz, Rauhut & Gideon, of Austin, for appellant.

W. V. Geppert, of Teague, and Willis E. Gresham and Upchurch & Hooper, all of Austin, for appellees.

BAUGH, Justice.

Appellant sued the Railroad Commission and others to set aside an order of the commission granting to W. A. Kiels a permit, as an exception to rule 37 of the commission, to drill an oil and gas well on a tract of land in Houston county, Tex., in a proven field, and to enjoin the drilling and operation of said well. A general demurrer was sustained to appellant's petition, appellant thereupon filed a trial amendment to which a general demurrer was likewise sustained, and upon refusal of appellant to further amend its pleadings, the suit was dismissed, from which dismissal this appeal is prosecuted.

The material allegations of appellant's pleadings were that the order of the commission was unjust, unreasonable, arbitrary, and discriminatory under the following alleged facts: The tract involved contains only .36 of an acre of land, has a mean length of approximately 244 feet and a width of about 70 feet. Huffman, who leased it to Kiels on September 27, 1934, owned a 79-acre tract, to which said .36 acre tract adjoined, capable of development as a whole under the spacing provisions of rule 37, and had leased said 79-acre tract to 'the Sun Oil Company on April 27, 1929. The northeast boundary line of this 79-acre tract ran north 45 west and formed a common boundary line between said 79-acre tract and a 100-acre tract on which the Humble held a lease, dated June 15, 1932. The southeast boundary line of these two tracts was one continuous straight line and formed a common boundary line between these two tracts and a 142-acre contiguous tract owned by the Trinity State Bank, and by it leased to one Boone on May 23, 1934. That is, the east corner of the Huffman 79-acre tract was the south corner of the Humble 100-acre tract, and was located in the northwest boundary line of the Trinity State Bank 142-acre tract. The strip of land here involved calls to begin . at this east corner of said Huffman 79-acre tract to run north 45 east from a mean distance of 244 feet, and was so laid out that a portion of it falls within the 100-acre tract leased by appellant and the remainder within the 142-acre tract owned by the bank and leased to Boone. From the allegations it appears that Huffman claims title to said .36 acre strip by limitation. Neither Boone nor the bank is par-

ty to this suit, and it is not made to appear whether or not they protested the granting of said permit before the commission. It is alleged that all of these adjoining tracts, i. e., the 79-acre tract, the 100-acre tract, and the 142-acre tract, are capable of development as a whole under rule 37, without necessity for any exceptions to such rule, and were so capable of development when the respective leases thereon were executed.

The grounds of attack upon said order were that the northwest half of said strip is owned by the Humble as a part of its 100-acre tract, and not by Huffman who leased it to Kiels; but that even if Huffman did own same, he voluntarily segregated it from his 79-acre tract to which it adjoins, when he leased the larger tract in 1929, and could therefore acquire no vested right to an exception to rule 37 to drill a well thereon; that the drilling of such well would require offsets to be drilled in such number and in close proximity to each other as to necessarily cause waste, the manner in which such waste would occur being alleged, thus constituting a violation of the conservation laws. The spacing provisions of rule 37, its applicability to the field in question, and the amendments to said rule were alleged fully, and such facts alleged as would show that the exception granted by the commission was not authorized under the conservation laws.

We gather from appellees' briefs filed herein that the trial court was of the opinion that appellant, in its denial of Huffman's and Kiels' title, showed that it had an adequate remedy at law by a suit in trespass to try title to this land in Houston county, which course it should pursue before attacking the order of the commission. The only case cited by appellees is that of Tide Water Oil Co. v. Railroad Commission (Tex. Civ. App.) 76 S.W.(2d) 553. This case, however, presents a different situation from that before us in the Tide Water Oil Co. Case, and under the holding in that case, we think the trial court erred in sustaining the demurrer herein. We are not here concerned with the injunctive relief prayed for. That relief was but ancillary to the principal cause of action asserted, that is, a review by appeal of the Railroad Commission's order. Of this question the district court of Travis county has exclusive jurisdiction, and appellant was entitled to have the validity of said order there adjudicated. Article 6036(b), Vernon's Ann. R. C. S. of Texas; Alpha Pet. Co. v. Terrell, 122 Tex. 257, 59 S.W.(2d) 364, 59 S.W.(2d) 372; Humble Oil & Ref. Co. v. Railroad Commission (Tex. Civ. App.) 68 S.W.(2d) 622; Gulf Production Co. v. Railroad Commission (Tex. Civ. App.) 84 S.W.(2d) 359, decided June 17, 1935. In the Tide Water Oil Company Case, the appellant not only asserted title to all of the land there involved, but a suit in trespass to try title to same was already pending in the district court of Rusk county, where the land was situated, when the Tide Water Oil Company filed its suit against the commission in Travis county. Nor did the trial court in that case dismiss the Tide Water Oil Company's suit in Travis county, but merely held same in abeyance until the title should be disposed of. In the instant case appellant asserts title to only one-half of the strip involved and no suit in trespass to try title thereto had been filed. Such suit would, of course, lie in Houston county. The district court of Travis county would not have jurisdiction to try the title issue between appellant and appellees Huffman and Kiels. If, however, appellant should in a title suit in Houston county recover the part of the strip claimed by it, that is, the northwest one-half thereof, the right of the lessees to drill a well on the remaining half of such strip under the permit granted would still remain. It is obvious, therefore, that the subject-matter of this suit in Travis county could not in any event be fully disposed of in a trespass to try title suit in Houston county. Not only is this true, but no such title suit was pending when this suit was filed. And appellant was entitled to have the validity of said order adjudicated in the court having jurisdiction thereof, without being required first, under the facts alleged, to sue for title to a part of said tract, when such suit would settle the title issue as to only a part thereof. Had the appellant chosen to first invoke the jurisdiction of the district court of Houston county on the issue of title a different question would be presented. The validity of the commission's order does not primarily depend upon the question of title, but upon the conservation laws; and in the determination of that question appellant invoked the jurisdiction of the court to which that question is by statute expressly limited.

Appellant's allegations were clearly sufficient, under the rules announced in

Sun Oil Co. v. Railroad Commission (Tex. Civ. App.) 68 S.W.(2d) 609, Humble Oil & Ref. Co. v. Railroad Commission (Tex. Civ. App.) 68 S.W.(2d) 622, and Smith v. Stewart (Tex. Civ. App.) 68 S.W.(2d) 627, all of which have been affirmed by the Supreme Court, to state a cause of action as against a general demurrer, and we are clear in the view that the trial court erred in the dismissal of said suit. The matter of appellant's right to an injunction can be determined at a hearing on that question and need not be considered further here. For the reasons stated, the judgment of the trial court is reversed and the cause remanded with instructions to the trial court to reinstate same upon the docket of said court for trial in its proper order.

Reversed and remanded with instructions.