Ex Parte W. Edward Lee and R. H. Still.

No. 6699.   Decided April 22, 1936.
(93 S. W., 2d Series, 720.)

*John Porter, Lee, Porter & Latham,* all of Longview, for relators.

The contempt proceedings and the restraining order issued by the District Court of Travis County, as well as the order continuing said order in force, without requiring bond, were void. Riggins v. Thompson, 96 Texas, 154, 71 S. W., 14; Ex parte Zuccaro, 106 Texas, 197, 163 S. W., 579; Ex parte Rains, 113 Texas, 428, 257 S. W., 217.

After the filing of the duly verified pleas of privilege of the relators, the Travis County Court was without jurisdiction to enter any other judgment against the relators until the plea of privilege had been duly disposed of. Galbraith v. Bishop, 287 S. W., 1087; Texas-Louisiana Power Co. v. Wells, 121 Texas, 397, 48 S. W. (2d) 978.

*Hardy Hollers,* Assistant District Attorney, of Austin, for respondent.

The District Court of Travis County having exclusive jurisdiction in passing upon orders of the Railroad Commission, there can be no postponement thereof except for reasons deemed imperative by that court. No other court has jurisdiction of the matters involved and every other court is prohibited by statute from taking any action that will postpone the hearing of such cases. Texas Steel Co. v. Fort Worth & D. C. Ry. Co., 40 S. W. (2d) 78; West Texas Compress & W. Co. v. Panhandle & S. F. Ry. Co., 15 S. W. (2d) 558; Fort Worth Driving Club v. Fort Worth Fair Assn., 121 S. W., 213; 15 C. J., 729.

MR. JUSTICE SHARP delivered the opinion of the court.

On March 16, 1934, W. Edward Lee and R. H. Still were found guilty of contempt by violating a restraining order previously issued by the Honorable C. A. Wheeler, Judge of the 53d District Court of Travis County, at Austin, and W. Edward Lee was fined $25 and costs, and R. H. Still was fined $10 and costs, and both were committed to the custody of the Sheriff of Travis County. They seek by original habeas corpus proceeding release from such commitment. This writ was issued on the application of relators, Lee and Still.

The controlling facts are as follows: On February 21, 1934, the Railroad Commission issued an order granting R. H. Still and wife, Mary Still, a permit to drill a well for oil and gas on a tract of 1.52 acres of land, situated in Gregg County. On February 26, 1934, the Gulf Production Company, in Cause No. 53549, instituted suit in the 53d District Court of Travis County, Texas, against the Railroad Commission and its members, R. H. Still and Mary Still, and the Powder Horn Petroleum Corporation: (1) To set aside and annul the permit issued

by the Railroad Commission to drill a well on the tract of land aforesaid, because the permit violated Rule 37, which had been adopted by the Railroad Commission relating to the production of oil and gas; (2) for a temporary restraining order against the Stills and the Powder Horn Petroleum Corporation, restraining them from attempting to drill a well on the 1.52 acre tract of land, and for a temporary injunction upon hearing; (3) for judgment for title and possession to the oil and gas in and under said 1.52 acres of land; and (4) for reformation of the oil and gas lease so as to include said 1.52 acres of land. The pleadings with respect to Rule 37 in part read as follows:

"XII.

"That on November 26, 1919, defendant Commission made, promulgated and adopted Rule 37 governing the spacing of wells for oil and gas in Texas, which said rule was in full force and effect on November 19, 1930, when defendants, Still, executed said oil and gas mining lease, as aforesaid, and was made and delivered in view of said rule, reads as follows, to-wit:

" 'RULE 37: No well for oil and gas shall hereafter be drilled nearer than Three Hundred (300) feet to any other completed or drilling well on the same or adjoining tract or farm; and no well shall be drilled nearer than One Hundred and Fifty (150) feet to any property line; provided, that the Commission, in order to prevent waste or to protect vested rights, will grant exceptions permitting drilling within shorter distances than the above described, upon application filed fully stating the facts, notice thereof having first been given to all adjacent lessees affected thereby. Rule 37 shall not for the present be enforced within proven salt dome fields.

"Plaintiff says that the lands involved herein are not situated within a proven salt dome field.

"That at the time defendants, Still, attempted to convey to the defendant, Powder Horn Petroleum Corporation, a leasehold estate in, on and to said 1.52 acres of land, the Rule 37 above alleged had been amended so as to prohibit the drilling of wells for oil and gas in the East Texas field in which the involved land is situated at a nearer distance than 330 feet to property lines, and 660 feet to drilling or producing wells. That said 1.52 acre tract is not so shaped as to be susceptible of being drilled under Rule 37 as originally promulgated, or any amendment thereafter adopted because said strip is approximately 752.5 feet long and varies in width from 114.1 feet and less, culminating in a point at the South end thereof. That

said 1.52 acre tract in conjunction with the said 185 acre tract, is capable of being fully developed under and in strict accord with said Rule 37 and its amendments governing the East Texas field.

## "XIII.

"Plaintiff says that the order complained of issued, as aforesaid, by the defendant Commission granting defendants, Still, a permit to drill said 1.52 acre tract, is in violation of its Rule 37, and without authority in law in that it is an order of defendant Commission purporting to grant to defendants, Still, the right to drill a well on lands within the physical possession of plaintiff, held by it under a claim of right, and is arbitrary and discriminatory in that same was granted to the defendants, Still, only upon evidence that defendants, Still, claimed title to the 1.52 acre strip of land, and necessitated an adjudication by the Commission of the title to said land, or the leasehold estate in and to the same, which the Railroad Commission has no authority in law to determine and adjudicate, and it being unquestionably shown at said hearing that plaintiff was in actual, physical possession of said land, holding same under a claim of right, and that said order of the defendant Commission is void and of no force and effect, and should be so declared by decree of this Court."

The foregoing petition was verified, and a hearing thereon was set for March 2, 1934. On February 26, 1934, the court in chambers issued a temporary restraining order restraining R. H. Still and Mary Still and the Powder Horn Petroleum Corporation from drilling and attempting to drill a well for oil and gas on the 1.52 acres of land, effective until March 2, 1934, the date set for hearing on the petition filed by the Gulf Production Company. No bond was required.

On February 20, 1934, the Stills and the Powder Horn Petroleum Corporation, as plaintiffs, filed a suit in the District Court of Gregg County, in Cause No. 2693-b, seeking an injunction against the Gulf Production Company from interfering with the plaintiffs in drilling their well on said 1.52 acres of land, and for damages. On February 24, 1934, plaintiffs filed in the same cause their first amended original petition, praying for the same relief. On this date the District Court of Gregg County granted a temporary injunction restraining the Gulf Production Company, and its agents and employees, from interfering with plaintiffs in drilling their well. On March 1, 1934, plaintiffs in the Gregg County suit filed their first supplemental petition, setting up the action that had been

taken in the Travis County court and praying for an order restraining the Gulf Production Company, its representatives et al., from further prosecuting said cause in Travis County. On that date the district judge of Gregg County issued a temporary restraining order, which was served on March 2, 1934. On March 2, 1934, the Stills and the Powder Horn Petroleum Corporation filed in the Travis County court their pleas of privilege. On the same day the Travis County court, of its own motion, after it appeared that the Gulf Production Company had been restrained by the Gregg County court from further prosecuting this cause against the Stills and the Powder Horn Corporation, continued its temporary restraining order of February 26, 1934, in full force, and also on that date issued its temporary restraining order restraining the Stills and the Powder Horn Petroleum Corporation from drilling and attempting to drill a well for oil and gas on the 1.52 acres of land, effective until March 10, 1934. On March 5, 1934, a hearing was had in the Gregg County proceedings, after which the court, on March 7, 1934, issued a temporary injunction restraining the Gulf Production Company, and its agents, from interfering with the plaintiffs in drilling their well, and from further prosecuting Cause No. 53549 in the District Court of Travis County, in so far as said cause was for injunctive relief against the Stills and the Powder Horn Petroleum Corporation. On March 10, 1934, an instrument entitled "Statement For Information of Court," which was verified, was filed by the Gulf Production Company, through its attorneys, stating that the defendants to their suit, other than the Railroad Commission, were proceeding in the actual drilling of a well for the production of oil upon said 1.52 acres of land. On the same date the District Court of Travis County, of its own motion, granted a restraining order without bond, prohibiting the Stills and the Powder Horn Petroleum Corporation from drilling the well. On the same date the District Court of Travis County entered an order reciting that it had come to the knowledge of the court that R. H. Still and Mary Still and W. Edward Lee, an officer and agent of the Powder Horn Petroleum Corporation, had violated the court's restraining order, and commanding them to appear on March 16, 1934, and show cause, if any, why they should not be adjudged and held in contempt of court. On March 16, 1934, a hearing was had, and W. Edward Lee and R. H. Still were adjudged and held in contempt of court, and committed to the custody of the Sheriff of Travis County as above indicated.

The judge, in summing up his conclusions, said:

"The Gulf Production Company brought suit here against the Railroad Commission and against the Powder Horn Petroleum Corporation and R. H. Still. They did not ask for a temporary injunction, but they said the matter was rather urgent, and they asked for it to be set down for a hearing; and I issued a temporary restraining order holding the matter up until the temporary injunction could be heard. I granted that order and set it for hearing on March 2. On March 2, the Gulf's attorneys were here and Mr. Lee was here representing the Powder Horn Petroleum Corporation and I assume the other defendants. At that time, and after the parties were all here in court, an injunction was served out of the District Court at Longview, restraining the Gulf and its agents from proceeding further with its case in this court here until the 5th of March, when the judge at Longview said he would hear it there. The Gulf's agents and attorneys in court here announced their willingness to respect that order in Longview, and said nothing except to hand me the order, and one of them said, 'This is what we are faced with now.' "

The judge in substance said that, on account of the statute giving him exclusive jurisdiction of one feature of the case to test the validity of the permit granted by the Railroad Commission, and in view of the constitutional provision and the statutes and the decisions, vesting in him the power to protect his jurisdiction by proper orders, upon his own motion he issued the temporary restraining order and continued it to March 10, 1934, in order to preserve the subject matter before the court. He continued:

"The judge at Longview * * * had entered an order restraining the Gulf and its agents from prosecuting this suit, only in so far as it sought any injunctive relief, leaving them wide open to prosecute this suit and every phase of it in this court, except for injunctive relief, and admitting, I think, that this court had jurisdiction of this case completely; but whether that court thought that, and whether I am right in thinking that, is another matter. Mr. Lee, personally, and other defendants, were in court here on March 2, as he volunteered to state, and he wrote the order himself continuing that in force, and he was bound to know that it was continued in force until March 10. When he got his orders at Longview he could have easily called me over telephone and have asked me if he was still restrained from drilling, if he had been in doubt about whether he was restrained or not; or he could have come back

to this court and have made a motion to vacate this order, or prosecute his appeal; but instead, he relied on his own judgment as to what the situation was and proceeded to drill, regardless of the court's order, of which he was well aware. * * * If any offense has been committed in this case it has been committed against that branch of our government known as the judiciary—the violation of a solemn court order, which the court, at least, thought was valid, and of which order Mr. Lee had full knowledge when it was granted, and at that time made no motion or effort to show that the court was in error about having granted it, nor did he tell the court that he thought the court was without authority to do it. He did except to the order, but no further. * * * So it resolves itself to this, * * * when a court has entered an order, which the court believes to be valid, should parties with full knowledge of that order be permitted * * * to go out and do contrary to the order? * * * Particularly a lawyer ought not to do it, because he * * * ought to be more concerned, by reason of the fact that he is an officer of the court, in either sustaining all orders of the court, or in a proper way appealing from them and having them set aside."

Relators contend that the order adjudging them in contempt is void on several grounds: (1) Because the court erred in adjudging relators guilty of contempt for the violation of its temporary restraining order issued February 26, 1934, and continued in force, on its own motion and without bond; (2) because the District Court of Gregg County had acquired prior jurisdiction of the subject matter in litigation; (3) because relators filed their plea of privilege to be sued in Gregg County, and same had not been acted upon; and (4) because the court instituted the contempt proceedings against relators based upon information filed by one of the litigants in direct violation of the injunction issued by the District Court of Gregg County.

■ In habeas corpus proceedings this Court is restricted to the inquiry whether or not the trial court had jurisdiction of the cause and of relators. Ex parte Kimberlin, 126 Texas, 60, 86 S. W. (2d) 717; Ex parte A. D. Lipscomb, 111 Texas, 409, 239 S. W., 1101; Ex parte Olson, 111 Texas, 601, 243 S. W., 773; Ex parte O. M. Smith, 110 Texas, 55, 58, 214 S. W., 320; 6 Ruling Case Law, 540; 12 Ruling Case Law, 1192, 1196, 1210, 1239, 1240; Ex parte Siebold, 100 U. S., 375, 25 L. Ed., 717; Ex parte Kearney, 7 Wheaton, 38, 45, 5 L. Ed., 391; Ex parte Terry, 128 U. S., 289, 9 Sup. Ct., 77, 32 L. Ed., 405; In Re Debs, 158 U. S., 564, 15 Sup. Ct., 900, 39 L. Ed., 1092. Like-

wise, this Court is limited to the question as to whether or not the commitment is void. The question is not whether the commitment was erroneously issued, but whether or not it was absolutely void. Ex parte Testard, 101 Texas, 250, 106 S. W., 319.

■■ The District Court of Travis County had exclusive jurisdiction of the suit filed to test the validity of the permit granted by the Railroad Commission, and also had potential jurisdiction of all the other matters alleged in the petition filed by plaintiff in Cause No. 53549; and so long as the court retains such jurisdiction, the necessary writs issued by the court to protect the subject matter involved are not void. Under the law the defendants had the right to file a plea of privilege to be sued in the county of their residence on all matters the jurisdiction of which had not been conferred upon the District Court of Travis County. If the question of venue had been waived, a judgment rendered by the District Court of Travis County upon such matters would be valid and binding. A plea of privilege, however, was filed by the defendants, and a day set for its hearing.

For the purposes of this opinion we shall brush aside all consideration of those questions presented in the pleadings, except the one seeking to annul and set aside the order of the Railroad Commission granting a permit to drill a well for oil on the 1.52 acre tract. The permit was granted on February 21, 1934, and the suit was filed by the Gulf Production Company in the District Court of Travis County on February 26, 1934, to set aside that order as being violative, among other things, of Rule 37, adopted by the Railroad Commission, relating to the production of oil and gas. That Rule 37 is a valid order of the Railroad Commission has been upheld by this Court. Brown v. Humble Oil & Refining Co., 126 Texas, 296, 83 S. W. (2d) 935, 99 A. L. R., p. 1107

The Legislature has expressed in plain terms that anyone who may be dissatisfied with any rule, regulation, or order made by the Railroad Commission relating to oil and gas, shall have the right to file suit in a court of competent jurisdiction in Travis County, and not elsewhere, to contest the validity of such rule, regulation, or order. Section 8 of Article 6049c, Vernon's Annotated Texas Statutes, reads:

"Any interested person affected by the conservation laws of this State relating to crude petroleum oil or natural gas, and the waste thereof, including this Act, or by any rule, regulation or order made or promulgated by the Commission there-

under, and who may be dissatisfied therewith, shall have the right to file a suit in a Court of competent jurisdiction in Travis County, Texas, and not elsewhere, against the Commission, or the members thereof, as defendants, to test the validity of said laws, rules, regulations or orders. Such suit shall be advanced for trial and be determined as expeditiously as possible and no postponement thereof or continuance shall be granted except for reasons deemed imperative by the Court. In all such trials, the burden of proof shall be upon the party complaining of such laws, rule, regulation or order; and such laws, rule, regulation or order so complained of shall be deemed prima facie valid."

The suit filed in Gregg County did not have for its object the test of the validity of the permit issued by the Railroad Commission to drill the oil well in question. When the suit was first filed in that county, the permit had not been granted. Immediately after the granting of the permit, suit was filed in Travis County by the Gulf Production Company for that purpose, as well as for other purposes. That the courts of Gregg County have no jurisdiction to set aside or annul the orders of the Railroad Commission, and that the courts of Travis County have exclusive jurisdiction of such matters, is now well established. Section 8, supra, is a jurisdictional and not a venue statute. Alpha Petroleum Co. v. Terrell, 122 Texas, 257, 59 S. W. (2d) 364.

■ According to the undisputed facts, the Railroad Commission granted a permit to the Stills and the Powder Horn Petroleum Corporation to drill an oil well on the tract of land above described. The Gulf Production Company alleged that the permit granted violated Rule 37, and that it claimed the minerals under the tract of land above described by virtue of a mineral lease, and that if the well were drilled, it would be irreparably damaged thereby. If the pleadings were not specific enough, the litigants, under the orders of the court, had the right to amend them. The statutes gave the courts of Travis County exclusive jurisdiction to determine the validity of permits granted by the Railroad Commission to drill oil or gas wells, and when the District Court of Travis County acquired jurisdiction of the subject matter involved here, it had the power to permit the pleadings to be amended and new parties to be made, if necessary; in fact, do whatever was necessary for a final determination of the issues involved, undisturbed by the interference of any other court. Cleveland v. Ward, 116 Texas, 1, 285 S. W., 1063, and authorities cited; Way & Way

v. Coca Cola Bottling Co., 119 Texas, 419, 29 S. W. (2d) 1067.

The controlling question for decision here is: Did the trial court have power to issue the restraining order as it did, and punish for contempt those who were guilty of violating it? Section 8 of Article V of the Constitution specifies the power of the district court and its jurisdiction, and, among other things, provides, "and said court and the judges thereof, shall have power to issue writs of habeas corpus, mandamus, injunction and certiorari, and all writs necessary to enforce their jurisdiction." It will be noted that the power conferred on the district court to enforce its jurisdiction is substantially the same as that conferred on the Supreme Court to enforce its jurisdiction, as shown in Section 3 of Article V of the Constitution, which reads as follows:

"The Supreme Court and the Justices thereof shall have power to issue writs of habeas corpus, as may be prescribed by law, and under such regulations as may be prescribed by law, the said courts and the Justices thereof may issue the writs of mandamus, procedendo, certiorari and such other writs, as may be necessary to enforce its jurisdiction."

Furthermore, the Legislature has conferred this power upon the district courts in the enactment of Article 1914, Vernon's Annotated Texas Statutes, which reads:

"Judges of the district courts may either in term time or in vacation, grant writs of mandamus, injunction, sequestration, attachment, garnishment, certiorari and supersedeas, and all other writs necessary to the enforcement of the jurisdiction of the court."

The trial court deemed it necessary for the protection of its jurisdiction to issue the restraining order in question. In the case of Cleveland v. Ward, supra, Chief Justice Cureton, in delivering the opinion for the Court, in discussing the power of the Supreme Court to issue writs necessary to enforce its jurisdiction said:

'This power to issue all writs necessary to enforce our jurisdiction finds its sanction in the Constitution, and exists, regardless of statutory omissions or declarations." Citing many authorities. See also City of Dallas v. Wright, 120 Texas, 190, 36 S. W. (2d) 973; Bowlen v. Bowlen, 1 S. W. (2d) 355 (Civ. App.).

■ We shall not stop here to discuss the rule of comity which exists between courts of co-ordinate jurisdiction, and what course should be pursued in order to maintain an orderly procedure and prevent unseemly conflicts between two courts.

The necessities of this case do not require it. We refer to the following cases for a discussion of this question: McCurdy v. Gage, 123 Texas, 558, 69 S. W. (2d) 56; Powers v. Temple Trust Co., 124 Texas, 440, 78 S. W. (2d) 951.

In the recent case of Ex parte Kimberlin, 126 Texas, 60, 86 S. W. (2d) 717, this Court, in an opinion written by Judge German, said:

"It is elementary that a habeas corpus proceeding in this court constitutes a collateral attack upon the judgment of contempt in the lower court, and a writ of habeas corpus cannot be made to take the place of an appeal, certiorari, quo warranto, or writ of error. In such a proceeding as this the court cannot give relief unless the restraining order by the district judge, or the judgment of contempt or the writ of commitment thereunder, is absolutely void; and such voidness must be solely because of lack of jurisdiction. Ex parte Smith, 110 Texas, 55, 214 S. W., 320; Ex parte Lipscomb, 111 Texas, 409, 239 S. W., 1101; Ex parte Olson, 111 Texas, 601, 243 S. W., 773, 777; Lytle v. Ry. Co., 41 Tex. Civ. App., 112, 90 S. W., 316."

As said by Judge Williams, speaking for the Supreme Court, in the case of Ex parte Testard, 101 Texas, 250, 106 S. W., 319, which involved habeas corpus procedings:

"This is not an appeal from the judgment of the District Court, but an application for the release of the relator, which can be sustained only by making it appear that the judgment is void. * * * The judgment, therefore, is valid against collateral attack, and no amount of evidence offered before this court, tending to show that the relator was in fact innocent of the charge, can now avail him. The question of his guilt or innocence was for the trial court, and was concluded by its judgment pronounced after a hearing."

The following rule relating to habeas corpus proceedings, as announced in Corpus Juris, is sustained by the great weight of authority:

"The right of a person to the writ of habeas corpus depends upon the legality or illegality of his detention, and this in turn depends upon whether the fundamental requirements of law have been compied with, and not at all upon the guilt or innocence of the prisoner, or the justice or injustice of his detention on the merits. A judgment or order under which the petitioner is held must be void for want of jurisdiction, and not merely erroneous and voidable, to support a writ of habeas corpus, because such writ constitutes a collateral attack upon the judgment or order and is not a writ of review." 29 C. J.,

p. 24, Sec. 18; see also 29 C. J., pp. 25-29, Sec. 19, and cases cited in notes.

▮ The District Court of Travis County undoubtedly acquired jurisdiction of the issue to test the validity of the permit to drill the oil well in controversy, and jurisdiction of the relators. It appears that the attorneys for the Gulf Production Company filed with the District Court of Travis County a sworn plea showing that the injunction issued by the District Court of Gregg County, enjoining the Gulf Production Company and its attorneys from seeking injunctive relief in the District Court of Travis County, was continued in force; and such attorneys, without in any way intending to violate such injunctive order issued by the District Court of Gregg County, filed a verified pleading for the information of the court, showing that the orders of the District Court of Travis County were being disobeyed, in that the parties to whom the permit was granted were in the act of drilling the well, and the very question before that court for determination was in the act of being destroyed. On March 2, 1934, the District Court of Travis County, on its own motion, continued the order issued on February 26, 1934, in force, and also on that date, on its own motion, in order to maintain the status quo of the subject matter in litigation, issued its temporary restraining order restraining the Stills and the Powder Horn Petroleum Corporation from drilling and attempting to drill a well for oil and gas on the 1.52 acres of land in controversy, effective until March 10, 1934, the date set for the hearing. The District Court of Travis County on March 10, 1934, entered an order that it had come to the knowledge of the court that relators were violating the temporary restraining order previously issued by that court, and set a hearing thereon for March 16, 1934. Relators appeared, a hearing was had, and the aforesaid judgment was entered against relators. To hold in the face of this condition that a district court is powerless to enforce its jurisdiction and preserve the subject matter in litigation, by proper writs issued on its own motion, and without the requirement of bond, would nullify the plain provisions of Section 8 of Article V of the Constitution. That section of the Constitution expressly confers upon district courts the power to issue all writs necessary to enforce their jurisdiction. The exercise of this authority is not limited or controlled by Articles 4648 and 4649 of the Revised Civil Statutes of Texas.

We find nothing in this record that would justify this Court to overrule the judgment of the trial court and discharge re-

lators. Therefore, the order granting a temporary writ of habeas corpus is set aside, and relators are remanded to the custody of the Sheriff of Travis County, to carry out the judgment of the trial court.

Opinion delivered April 22, 1936.

Chief Justice Cureton dissenting.