**STATE of Texas, Appellant,**

v.

**NOVALL, INC., et al., Appellees.**

No. 3–88–215–CV.

Court of Appeals of Texas,
Austin.

April 12, 1989.

Rehearing Denied June 7, 1989.

Jim Mattox, Atty. Gen., Joe Foy, Jr., Asst. Atty. Gen., Austin, for appellant.

Paul Keeler, McElroy & Sullivan, Austin, for appellees.

SHANNON, C.J., and CARROLL and ABOUSSIE, JJ.

SHANNON, Chief Justice.

Appellant, the State of Texas, seeks to set aside an order of the Travis County district court sustaining a plea in abatement dismissing its suit. Appellees are Novall, Inc., and H. & H. Drilling Co., Inc. This Court will set aside the order.

In 1953, appellees abandoned an oil well located in Andrews County. After the Railroad Commission learned in 1984 that the well was leaking gas, the Commission directed that the well be re-plugged. The cost of replugging was $94,388.94.

When the Attorney General made demand upon appellees for reimbursement of plugging costs, appellees responded by filing suit in Andrews County seeking a declaration that they had no obligation to pay the plugging costs. Less than two weeks later, the State sued appellees in Travis County seeking $94,388.94 as reimbursement for plugging costs.[1] Appellees filed a plea in abatement in the Travis County suit. By their plea, appellees pointed out that they filed suit in Andrews County before the State filed its Travis County suit. After hearing, the district court sustained the plea in abatement.

In general, the court that first takes and maintains jurisdiction of a controversy should be allowed to dispose of it without interference of any other court of co-ordinate jurisdiction. 2 McDonald, Texas Civil Practice § 7.09—(II), at 159 (rev.1982). Accordingly, the court properly grants a plea

---

1. Tex.Nat.Res.Code Ann. § 89.083 (Supp.1989) creates a cause of action in favor of the state to recover reasonable expenses incurred in plugging a well. Section 89.083(e) provides that the suit for reimbursement may be filed in Travis County, the county in which the plugged well is located, or in the county in which any defendant resides.

in abatement when a judgment in the first suit controls the disposition of the second suit. *See Wyatt v. Shaw Plumbing,* 760 S.W.2d 245, 248 (Tex.1988) (specifically reaffirming *Cleveland v. Ward,* 116 Tex. 1, 285 S.W. 1063 (1926)). If the court in which the suit was first filed lacks jurisdiction, its judgment cannot control the disposition of the second suit. *Cleveland v. Ward,* 285 S.W. at 1070.

The State urges, among other things, that the Travis County district court erred in granting the plea in abatement because the Andrews County district court did not have jurisdiction to entertain appellees' declaratory judgment suit. We agree.

The legislature frequently designates a particular court as the tribunal to hear and determine certain statutory claims, *Alpha Petroleum Co. v. Terrell,* 122 Tex. 257, 59 S.W.2d 364, 367 (1933), and, in such instances, that court is the only tribunal where such matters may be litigated. *Mingus v. Wadley,* 115 Tex. 551, 285 S.W. 1084, 1088 (1926). The legislature has provided a particular forum for suits such as appellees' declaratory judgment action.

> Any interested person who is affected by the conservation laws of this state or orders of the commission relating to oil or gas and the waste of oil or gas, and who is dissatisfied with any of these laws or orders, may file suit against the commission or its members in a court of competent jurisdiction in Travis County to test the validity of the law or order.

Texas Nat.Res.Code Ann. § 85.241 (1978).

It is undisputed that the Commission followed the applicable statutes in plugging the well. Tex.R.App.P.Ann. 74(f) (Pamp. 1989). Such statutes have not been held invalid, and are presumed constitutional. As such, appellees' suit requesting a declaration that they do not owe the cost of plugging the well can only be successful if a court declares the statutes invalid. Because the appellees' suit tests the validity of the law, this Court concludes that § 85.241 vests the district court of Travis County with exclusive jurisdiction to determine appellees' declaratory judgment suit.

Appellees suggest that their suit does not fall within the exclusive jurisdiction vested in the Travis County district court by § 85.241; instead, they point to Tex. Nat.Res.Code Ann. § 89.083(e) (Supp.1989) which permits suits for reimbursement to be filed in "Travis County, the county in which the well is located, or the county in which any defendant resides." By its own terms, however, § 89.083(e) only provides jurisdiction for reimbursement suits filed by the *State.*

Because the Andrews County district court is without jurisdiction, any judgment it may render in the declaratory judgment will be void and cannot control the disposition of the Travis County suit. Accordingly, the Travis County district court erroneously granted the plea in abatement.

The order is reversed, and the cause is remanded to the Travis County district court.