NO. 07-07-0343-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JANUARY 23, 2008

_____

STATE OF TEXAS AND RAILROAD COMMISSION OF TEXAS, APPELLANTS

V.

STEVEN LYNN HALE, APPELLEE

_____

FROM THE 31ST DISTRICT COURT OF ROBERTS COUNTY;

NO. 1948; HONORABLE STEVEN R. EMMERT, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellants, State of Texas and Railroad Commission of Texas (hereinafter collectively the "Commission"), appeal from an order granting a temporary injunction in favor of Appellee, Steven Lynn Hale, and a separate order denying their plea to the jurisdiction of the trial court. By two issues, the Commission contends (1) the trial court erred in denying its plea to the jurisdiction, and (2) in granting the temporary injunction. We

dissolve the temporary injunction, reverse the order denying the plea to the jurisdiction, and render judgment granting the plea to the jurisdiction.

**Background**

Hale owns an eight thousand (8,000) acre ranch in Roberts County. Kim Flowers owns a ranch directly south of the Hale ranch. The Commission intends to perform an environmental remediation project to clean up a saltwater disposal pit at an abandoned gas well site on the Flowers ranch. The project will involve the removal and replacement of approximately three thousand eight hundred (3,800) cubic yards of contaminated soil. Soil removal will require heavy-duty dump trucks to make over six hundred (600) trips across a road on Hale's property.

The Commission informed Hale that pursuant to its authority granted pursuant to § 91.113(c) of the Texas Natural Resources Code Annotated (Vernon 2001),[1] the Commission's employees or agents were authorized to enter Hale's property for the purpose of conducting the cleanup operation on the Flowers ranch. Section 91.113(c) states as follows:

> The commission or its employees or agents, on proper identification, may enter the land of another for the purpose of conducting a site investigation or environmental assessment or controlling or cleaning up oil and gas wastes or other substances or materials under this section.

---

[1]All section references herein are references to the Tex. Nat. Res. Code Ann. (Vernon 2001) unless otherwise expressly designated.

On June 22, 2007, Hale filed the underlying declaratory judgment action contending the Commission was improperly applying § 91.113(c) to gain entry onto his property, or, alternatively, the statutory provision is unconstitutional because it violates the Due Process Clauses of the Texas and United States Constitutions. Hale sought a temporary restraining order, temporary injunction, declaratory judgment, permanent injunctive relief and attorney fees. The lower court issued an *ex parte* temporary restraining order preventing the Commission from utilizing the road on Hale's ranch for the remediation project. Following a hearing, the trial court issued a temporary injunction enjoining the Commission from utilizing the road on Hale's ranch for the remediation project and denied the Commission's motion to transfer venue and its plea to the jurisdiction.

## Discussion

At the outset, this Court is obligated to determine, *sua sponte,* issues affecting our jurisdiction over an appeal. *New York Underwriters Ins. Co. v. Sanchez,* 799 S.W.2d 677, 679 (Tex. 1990). As a general rule, a judgment must be final before it can be appealed. *Lehmann v. Har-Con Corp.* 39 S.W.3d 191, 195 (Tex 2001). A judgment is not final for purposes of appeal unless it disposes of all parties and issues. *North E. Indep. School Dist. v. Aldridge* 400 S.W.2d 893, 895 (Tex. 1966). There are, however, statutory exceptions permitting interlocutory appeals. *See, e.g.,* Tex. Civ. Prac. & Rem. Code § 51.014(a)(8) (Vernon Supp. 2007) (allowing interlocutory appeal of denial of a plea to the jurisdiction by a governmental unit). Because this appeal pertains to the denial of a plea

3

to the jurisdiction filed by the State of Texas and the Railroad Commission of Texas, this Court has jurisdiction to hear this appeal.

§ 85.241 (Vernon 2001) states as follows:

[a]ny interested person who is affected by the conservation laws of this state or orders of the commission relating to oil and gas and the waste of oil or gas, and who is dissatisfied with any of these laws or orders, may file suit against the commission or its members in a court of competent jurisdiction in Travis County to test the validity of the law or order.

A suit to test the validity of an oil and gas conservation law or order is required to be filed in a court of competent jurisdiction in Travis County. This statute is jurisdictional, and not a venue statute. *Ex parte Lee,* 127 Tex. 256, 93 S.W.2d 720, 723 (1936); *Alpha Petroleum Co. v. Terrill*, 122 Tex. 257, 59 S.W.2d 364, 367-68 (1933); *Terrell v. Community Natural Gas Co.,* 117 S.W.2d 838, 843 (Tex.Civ.App.–Dallas 1938, writ dism'd). The jurisdiction of a competent court in Travis County is exclusive. *State v. Novall, Inc.,* 770 S.W.2d 589, 590 (Tex.App.–Austin 1989, writ denied); *Humble Oil & Refining Co. v. Railroad Commission of Texas*, 85 S.W.2d 351, 352 (Tex.Civ.App.–Austin 1935, no writ). This is true for declaratory judgment actions testing a conservation law or Commission order. *Phillips Petroleum Co. v. Bivins*, 423 S.W.2d 340, 345-46 (Tex.Civ.App.–Amarillo 1967, writ ref. n.r.e.). Moreover, when a court of competent jurisdiction in Travis County acquires jurisdiction, it may do whatever is necessary for a final determination of the issues involved, 56 Tex. Jur. 3d *Oil and Gas* § 641 (2004);

4

*Humble Oil,* 85 S.W.2d at 352-53, including ancillary relief by way of injunction. *Lee*, 93 S.W.2d at 723.

Hale's petition indicates he is, or will be, "affected" by the Commission's proposed action and conservation laws related to the cleanup on the Flowers ranch. He is "dissatisfied" with the applicable conservation laws and Commission orders, and by his suit seeks to "test the validity of the law(s) or order(s)." As such, Hale's action is plainly subject to the jurisdictional strictures of § 85.241, and may only be heard by a court of competent jurisdiction in Travis County.

## Conclusion

Issues one and two are sustained. Because the court below was without jurisdiction, the temporary injunction is dissolved, the order of the trial court denying the Commission's plea to the jurisdiction is reversed and judgment is rendered granting that plea.

Patrick A. Pirtle<br>
Justice