NO. 07-07-0343-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JANUARY 23, 2008



______________________________




STATE OF TEXAS AND RAILROAD COMMISSION OF TEXAS, APPELLANTS



V.



STEVEN LYNN HALE, APPELLEE



_________________________________



FROM THE 31ST DISTRICT COURT OF ROBERTS COUNTY;



NO. 1948; HONORABLE STEVEN R. EMMERT, JUDGE



_______________________________




Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.



MEMORANDUM OPINION




 Appellants, State of Texas and Railroad Commission of Texas (hereinafter
collectively the "Commission"), appeal from an order granting a temporary injunction in
favor of Appellee, Steven Lynn Hale, and a separate order denying their plea to the
jurisdiction of the trial court. By two issues, the Commission contends (1) the trial court
erred in denying its plea to the jurisdiction, and (2) in granting the temporary injunction. We
dissolve the temporary injunction, reverse the order denying the plea to the jurisdiction, and
render judgment granting the plea to the jurisdiction.

Background


 Hale owns an eight thousand (8,000) acre ranch in Roberts County. Kim Flowers
owns a ranch directly south of the Hale ranch. The Commission intends to perform an
environmental remediation project to clean up a saltwater disposal pit at an abandoned gas
well site on the Flowers ranch. The project will involve the removal and replacement of
approximately three thousand eight hundred (3,800) cubic yards of contaminated soil. Soil
removal will require heavy-duty dump trucks to make over six hundred (600) trips across
a road on Hale's property. 

 The Commission informed Hale that pursuant to its authority granted pursuant to 
§ 91.113(c) of the Texas Natural Resources Code Annotated (Vernon 2001), (1) the
Commission's employees or agents were authorized to enter Hale's property for the
purpose of conducting the cleanup operation on the Flowers ranch. Section 91.113(c)
states as follows:

 The commission or its employees or agents, on proper identification, may
enter the land of another for the purpose of conducting a site investigation
or environmental assessment or controlling or cleaning up oil and gas wastes
or other substances or materials under this section.


 On June 22, 2007, Hale filed the underlying declaratory judgment action contending
the Commission was improperly applying § 91.113(c) to gain entry onto his property, or,
alternatively, the statutory provision is unconstitutional because it violates the Due Process
Clauses of the Texas and United States Constitutions. Hale sought a temporary
restraining order, temporary injunction, declaratory judgment, permanent injunctive relief
and attorney fees. The lower court issued an ex parte temporary restraining order
preventing the Commission from utilizing the road on Hale's ranch for the remediation
project. Following a hearing, the trial court issued a temporary injunction enjoining the
Commission from utilizing the road on Hale's ranch for the remediation project and denied
the Commission's motion to transfer venue and its plea to the jurisdiction. 

Discussion


 At the outset, this Court is obligated to determine, sua sponte, issues affecting our
jurisdiction over an appeal. New York Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677,
679 (Tex. 1990). As a general rule, a judgment must be final before it can be appealed.
Lehmann v. Har-Con Corp. 39 S.W.3d 191, 195 (Tex 2001). A judgment is not final for
purposes of appeal unless it disposes of all parties and issues. North E. Indep. School
Dist. v. Aldridge 400 S.W.2d 893, 895 (Tex. 1966). There are, however, statutory
exceptions permitting interlocutory appeals. See, e.g., Tex. Civ. Prac. & Rem. Code §
51.014(a)(8) (Vernon Supp. 2007) (allowing interlocutory appeal of denial of a plea to the
jurisdiction by a governmental unit). Because this appeal pertains to the denial of a plea
to the jurisdiction filed by the State of Texas and the Railroad Commission of Texas, this
Court has jurisdiction to hear this appeal. 

 § 85.241 (Vernon 2001) states as follows:

 [a]ny interested person who is affected by the conservation laws of this state
or orders of the commission relating to oil and gas and the waste of oil or
gas, and who is dissatisfied with any of these laws or orders, may file suit
against the commission or its members in a court of competent jurisdiction
in Travis County to test the validity of the law or order. 


 A suit to test the validity of an oil and gas conservation law or order is required to
be filed in a court of competent jurisdiction in Travis County. This statute is jurisdictional,
and not a venue statute. Ex parte Lee, 127 Tex. 256, 93 S.W.2d 720, 723 (1936); Alpha
Petroleum Co. v. Terrill, 122 Tex. 257, 59 S.W.2d 364, 367-68 (1933); Terrell v.
Community Natural Gas Co., 117 S.W.2d 838, 843 (Tex.Civ.App.-Dallas 1938, writ
dism'd). The jurisdiction of a competent court in Travis County is exclusive. State v.
Novall, Inc., 770 S.W.2d 589, 590 (Tex.App.-Austin 1989, writ denied); Humble Oil &
Refining Co. v. Railroad Commission of Texas, 85 S.W.2d 351, 352 (Tex.Civ.App.-Austin
1935, no writ). This is true for declaratory judgment actions testing a conservation law or
Commission order. Phillips Petroleum Co. v. Bivins, 423 S.W.2d 340, 345-46
(Tex.Civ.App.-Amarillo 1967, writ ref. n.r.e.). Moreover, when a court of competent
jurisdiction in Travis County acquires jurisdiction, it may do whatever is necessary for a
final determination of the issues involved, 56 Tex. Jur. 3d Oil and Gas § 641 (2004);
Humble Oil, 85 S.W.2d at 352-53, including ancillary relief by way of injunction. Lee, 93
S.W.2d at 723.

 Hale's petition indicates he is, or will be, "affected" by the Commission's proposed
action and conservation laws related to the cleanup on the Flowers ranch. He is
"dissatisfied" with the applicable conservation laws and Commission orders, and by his suit
seeks to "test the validity of the law(s) or order(s)." As such, Hale's action is plainly subject
to the jurisdictional strictures of § 85.241, and may only be heard by a court of competent
jurisdiction in Travis County. 

Conclusion


 Issues one and two are sustained. Because the court below was without
jurisdiction, the temporary injunction is dissolved, the order of the trial court denying the
Commission's plea to the jurisdiction is reversed and judgment is rendered granting that
plea.


 Patrick A. Pirtle

 Justice

 

 


1. All section references herein are references to the Tex. Nat. Res. Code Ann.
(Vernon 2001) unless otherwise expressly designated.


erty is worth are of little assistance in determining market
value. See Ricks v. Ricks, 169 S.W.3d 523, 527 (Tex. App.–Dallas 2005, no pet.) (stating
that conclusory statements of a stock’s value without other evidence to support it is not
probative of the stock’s market value). Similar utterances were made regarding the value
of other property items as well. Given help of this kind, one can reasonably see why the
trial court found the parties to be rather incredible and the performance of its obligations
rather difficult. And, therein lies the basis for our resolution to this appeal.
          Simply put, Jesus is complaining about a result that he and his ex-wife helped
cause. Both failed in their obligation to tender credible and probative evidence upon which
the trial court could reasonably rely. Despite their omission, the trial court attempted to
reach what it deemed to be a fair and right division of the marital estate. And, we cannot
say that it failed in that regard, given the doctrine of invited error.  
          The concept of invited error not only is well established in Texas jurisprudence, Kelly
v. Demoss Owners Ass’n., 71 S.W.3d 419, 424 (Tex. App.–Amarillo 2002, no pet.), but
also prevents a litigant from complaining about mistakes that he helped cause. Bluestar
Energy, Inc. v. Murphy, 205 S.W.3d 96, 101 (Tex. App.–Eastland 2006, pet. denied); Keith
v. Keith, 221 S.W.3d 156, 163 (Tex. App.–Houston [1st Dist.] 2006, no pet.). Given the
value, or lack thereof, of the testimony and evidence provided by Jesus and Mary, one can
reasonably conclude that both helped cause the property division in dispute. In other
words, the trial court’s result, which appears to be a laudable effort to achieve a just and
right division under the circumstances before it, was effectively invited by their effort, or
lack thereof. Thus, Jesus cannot complain of it on appeal.
          While some may believe that jurists are all knowing (those some normally being the
jurists themselves) we are not. Admittedly, the quality of our work is directly proportional
to the quality of the work undertaken by those appearing before us. We need the help of
litigants and their counsel. Without it, our system of justice tends to falter for its success
is the result of teamwork. And, when it does falter we are not alone in blame. Nor should
we alone suffer the consequences. The team having faltered here, the issues of appellant
are overruled.
          We affirm the judgment of the trial court.
 
                                                                           Brian Quinn
                                                                          Chief Justice